## DENHAM *v.* JONES *et al.*

Upon the trial of a traverse to a return of service of a rule *nisi* upon foreclosure of a mortgage, in order to justify a finding against the return, the evidence should be the strongest of which the nature of the case will admit, and even then will not be sufficient unless it be so explicit and convincing as clearly to show the return is false. The strength of the evidence required is for the jury, and a charge of the court to the effect that the "very strongest" evidence was required to overcome the return will not constrain the grant of a new trial, there being no intimation in the pleadings that the defendant had a meritorious defense which he was prevented from making, the verdict itself being fully supported by the evidence, and the charge being clear, and, other than as to the use of the word "very," according to the decision of this court in *Davant et al.* v. *Carlton*, 53 *Ga.* 491, accurate.

April 15, 1895. Brought forward from the last term.

Traverse of sheriff's return. Before Judge JENKINS. Putnam superior court. March term, 1894.

To the levy of an execution issued upon the foreclosure of a mortgage, the defendant filed an affidavit of illegality for want of service of the rule *nisi* in the fore-

closure proceeding, and traversed the return of the sheriff, which stated that he served the defendant personally with copy of the petition. and rule *nisi* on March 25, 1893. The testimony upon this issue was directly conflicting. Defendant testified positively that he was never served personally or otherwise; and he was corroborated in part by the testimony of his father and son. The sheriff testified postitively that he handed the copy to the defendant on the day named; and the clerk of the superior court testified that he handed the original and copy to the sheriff on that day, and pointed out to him the defendant upon the street, and that the sheriff took the papers and started out of the court-house. Plaintiff's attorney also testified as to the circumstances, and his testimony tended to corroborate the sheriff. The court charged the jury as follows:

"It is admitted in this case that the sheriff made the entry of service as it appears on the papers. The law presumes this entry to be true, but the defendant may traverse the truth of such entry; and when this is done as it has been here, the issue for you to try in the light of the evidence is, whether or not the entry speaks the truth. If it does, you should find for the plaintiff; if not, then you should find for the defendant. The law presumes, as already stated, that the entry speaks the truth, and the burden is on the defendant to overcome this presumption. While it may be contradicted and rebutted, it is not a mere *prima facie* presumption. The entry furnishes a high rank of evidence, very strong evidence of the fact of service; and the law requires the very strongest evidence to overcome the effect of such entry. You are the judges of the strength of the evidence necessary for this purpose, and you are to say whether the strength of the evidence is sufficient to authorize you to set aside this entry. The law requires satisfactory proof, the strongest proof of its incorrectness or falsity before it

can be set aside, and your minds must be well satisfied that the entry is false before you will be authorized to find in favor of the traverse. · If the evidence is not of sufficient strength to well satisfy your minds that the entry is false, you should find against the traverse."

The jury found for the plaintiff, and defendant moved for a new trial on the grounds, that the court erred in the foregoing charge, and that the verdict was contrary to law and evidence. The motion was overruled, and defendant excepted.

GEORGE & GEORGE, for plaintiff in error.
W. B. WINGFIELD, contra.

ATKINSON, Justice.

The official report contains the only statement as to the evidence and the record material to a clear understanding of the questions made.

A return of service entered upon a declaration is not conclusive as to the facts therein recited. It may be traversed and impeached by proof that it is untrue. It is of itself, however, evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit. It is not proper, however, in instructing the jury as to the character of the evidence required to overcome an officer's return, to charge that as against the return the *very strongest* evidence must be produced. In the case of *Davant* v. *Carlton*, 53 *Ga.* 491, this court held that it was error for the court to refuse to charge the jury under such an issue, that under the law it required the strongest evidence to overcome such an entry, and to charge in lieu thereof, that such entry was *prima facie* evidence, but, like other evidence, might be overcome. The charge there requested was equivalent to a request, that the attack upon the return should be supported by the strongest evidence of which

the nature of the case would admit; and in its opinion this court ruled that before the court was authorized to set aside an official return, it must be fully satisfied that the return is false. We think that practically states the rule as we state it now, that the evidence must not only be the strongest of which the nature of the case admits, but it must be clear and convincing as to the falsity of the return. The charge complained of in this case goes further than this rule, with reference to the character of the· evidence, or the source from whence it is derived; it enjoins upon the jury that they would not be authorized to set aside the return except upon the *very strongest* evidence. If the evidence were clear and convincing to their minds and the strongest of which the nature of the case admits, that would be sufficient evidence, though the very strongest evidence were not produced. This error, if material, might be sufficient to require a new trial; but upon looking through the record, we find no intimation in the pleadings that the defendant had a meritorious defense which he was prevented from making; and inasmuch as the verdict rendered is fully supported by the evidence, and the charge is clear and correct in all particulars other than as above stated, this court will not reverse the judgment of the circuit judge in refusing to grant a new trial.     *Judgment affirmed.*