## 66585. NORMAN SERVICE INDUSTRIES, INC. v. LUSTY et al.

BANKE, Judge.

This is an appeal from the denial of a motion to set aside a default judgment based on insufficiency of service of process.

The complaint, filed on October 13, 1981, sought $25,000 in damages for the appellant's alleged breach of a commercial lease agreement. A default judgment in this amount was entered on December 7, 1981; however, because the damages were unliquidated and there had been no proof thereof, this judgment was later set aside and vacated. On January 4, 1982, the appellees appeared at the call of a non-jury default calendar on which the case had been placed and presented evidence of consequential damages totaling $29,320. The appellant made no appearance at this trial. The trial court subsequently entered judgment in favor of the appellees in the amount of $25,000, thus limiting their recovery to the sum prayed for in the complaint.

The return of service reflects that the complaint and summons were served on the corporation's registered agent, Mr. Alvin Siegel, on October 20, 1981. However, at the hearing on the motion to set aside, the deputy marshal who executed the return testified that he did not in fact serve Mr. Siegel personally but rather left the summons and complaint, along with the process in another suit against the appellant corporation, with a "lady" in Mr. Siegel's office. The deputy explained that after making several unsuccessful attempts to find Siegel at his office, he had telephoned him and obtained his permission to effect service by delivering the papers to his secretary. Siegel, who represented the appellant at the hearing on the motion to set aside, admitted having authorized the deputy to effect service in this manner but maintained that the complaint and summons in this case were not in fact among the two lawsuits delivered to his office on the day in question. He further testified that according to court records, three rather than two suits had purportedly been served on him that day as agent for the corporation.

The appellant contends on appeal that the trial court erred in determining the service to be valid because (1) the deputy's testimony did not establish that the complaint and summons were delivered to Siegel's secretary as opposed to some other person in Siegel's office, and (2) Siegel's testimony effectively rebutted any presumption that the complaint and summons in this case were delivered to his office at all. *Held:*

1. When a defendant questions the sufficiency of service, the burden is on him to come forward with evidence that service was not

proper. See, e.g., *Adams v. C&S Nat. Bank,* 132 Ga. App. 622 (2) (208 SE2d 628) (1974). The return can be set aside only "upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Hickey v. Merrit,* 128 Ga. App. 764, 766 (197 SE2d 833) (1973), citing *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78) (1895).

The evidence in this case clearly establishes that the defendant corporation's agent for service was not served personally; however it is undisputed that Seigel's secretary was authorized to accept service on his behalf, and it may be inferred from the deputy's testimony that the "lady" to whom the deputy delivered the papers was in fact that secretary. Indeed, the appellant presented no evidence which would authorize an inference to the contrary, although it was presumptively within its power to call the secretary as a witness to state whether she in fact received service of the papers. As for Seigel's assertion that the complaint and summons in this case were not in fact among the papers delivered to his office on the date in question, this was in direct conflict with the deputy's testimony. Seigel's assertation that there were court records which reflected that three rather than two suits had been served upon him on the day in question was not substantiated by introduction of the records themselves, and the appellant's attempt to prove this assertion was accordingly not "the strongest of which the nature of the case will admit." *Hickey v. Merrit,* supra.

2. The appellant's contention that the denial of the motion to set aside was "contrary to the principles of justice and equity" sets forth no ground for reversal. The grant of a motion to set aside must be predicated either on a nonamendable defect apparent on the face of the record or on a jurisdictional defect, and neither has been shown to exist in this case. See generally OCGA § 9-11-60 (d) (Code Ann. § 81A-160).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983.

*Alvin N. Siegel,* for appellant.
*G. Michael Smith,* for appellees.