## 40537. PATTERSON v. COLEMAN.

GREGORY, Justice.

A default judgment was entered against Arthur Patterson on June 23, 1981 in the State Court of Fulton County. In October 1982 Patterson filed a complaint in equity to set aside the judgment based on insufficient service of process. At the hearing on the action to set aside the marshal who executed the return testified that on January 13, 1981 he served an individual answering to the name "Arthur Patterson" at 1981 Martin Luther King, Jr. Drive, Apartment 8. He could not identify appellant Patterson as the man he served.

Patterson denied that he was personally served and testified that at the time of the alleged service he resided at 1991 Martin Luther King, Jr. Drive, Apartment E-2; that the address where service was allegedly made was that of his mother; that he had all mail delivered to his mother's residence because he "moved so much"; and that his driver's license bears his mother's address.

The trial court found service valid and refused to set aside the default judgment. We affirm.

When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return "can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78) (1895); *Norman*

*Service Industries v. Lusty,* 168 Ga. App. 164, 165 (308 SE2d 411) (1983). The appellant has not met this burden.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 1984 —
REHEARING DENIED FEBRUARY 21, 1984.

*Fred A. Gilbert,* for appellant.
*Edward W. McCrimmon,* for appellee.