40457. GEORGIA POWER COMPANY v. HARRISON et al.
(318 SE2d 306)

BELL, Justice.

This suit concerns land located on the shore of Lake Sinclair. In 1952 appellee Harrison's predecessor in title conveyed to Georgia Power Co., the appellant, fee simple title to land "on and below a contour line having an elevation of 340 feet above sea level, U.S.G.S. Datum," as well as an easement in Harrison's predecessor's lot "between a contour line having an elevation of 340 feet above sea level and a contour line having an elevation of 350 feet above sea level . . . ." Harrison bought the lot in 1982, and shortly thereafter Georgia Power's employees discovered a new wooden seawall extending from Harrison's lot into the lake. On May 16, 1983, Georgia Power

filed suit in Putnam Superior Court, naming Harrison and appellee Hamby as defendants.

In its complaint Georgia Power alleged that the seawall and the backfill behind the wall constituted an unlawful encroachment and continuing trespass on its land, and that Harrison and Hamby were responsible for establishing the wall and fill. Averring that it did not have a complete remedy at law, Georgia Power prayed for the following relief: a declaration that the fee simple title to the land on and below the 340-foot contour line as of the date of filing suit was owned by Georgia Power; that the defendants be jointly and severally enjoined from continuing the trespass, and jointly and severally compelled to remove the seawall and backfill from land below the 350-foot contour line; that if the defendants failed to remove the wall and fill, the Sheriff of Putnam County be directed to do so at their joint and several expense; and that Georgia Power be granted other relief as the court deemed proper.

The trial court set a date for a rule nisi hearing, and copies of the rule nisi order were attached to the service copies of the complaint. The rule nisi order did not explain the purpose of the hearing other than stating that the court would require the defendants to show cause why Georgia Power's prayers for relief should not be granted. Hamby, a resident of Putnam County, filed his answer prior to that hearing, admitting that as an employee of Harrison he had graded and backfilled behind the wall, but denying that he had trespassed; he prayed generally for dismissal of the complaint. Harrison, who is a DeKalb County resident, was served in that county by the DeKalb County Sheriff prior to the rule nisi hearing, but did not file his answer until after the hearing. The hearing was held June 9, 1983; at its commencement counsel for Georgia Power indicated that the plaintiff was appearing in order to obtain an interlocutory injunction. Harrison's counsel announced he was reserving the right to raise defenses of insufficiency of service of process, OCGA § 9-11-12 (b) (5), improper venue, id. (b) (3), and lack of personal jurisdiction, id. (b) (2).

Subsequent to the hearing Harrison filed a responsive pleading in which he demanded dismissal of the action on the grounds he had already orally enumerated to the court. On September 6, 1983 the court entered an order dismissing the action as to both defendants. The court found that based on evidence received during the hearing "Hamby has not done any act which constitutes a trespass upon lands of Georgia Power Company and is not threatening to do so . . .," and dismissed him as "not a proper party to this action."[1] Regarding Har-

---

[1] We interpret this dismissal as being premised on a finding that Hamby was not a substantial defendant, and therefore as integral with the dismissal as to Harrison for improper venue and lack of jurisdiction.

rison, the court ruled that he had not been properly served, that Putnam County was not the proper venue for suit against him, and that it did not have jurisdiction over his person.[2] Georgia Power appeals from the judgment of dismissal, and we reverse.

1). Harrison's motion to dismiss for insufficiency of service was grounded on his contention that the sheriff of Putnam County was the sole sheriff authorized to serve him with process. However, this proposition is clearly wrong, since OCGA § 9-11-4 (c) provides that "Process shall be served by the sheriff of the county where the action is brought *or where the defendant is found*, or by his deputy . . . ." (Emphasis supplied.) "There is no requirement that a defendant shall have been served within a county where venue properly lies." *Alcorn v. Alcorn*, 245 Ga. 1 (2) (262 SE2d 778) (1980). OCGA § 9-11-4 (f). We find that the court erred by granting the motion.

2). Another of Georgia Power's contentions concerns the propriety of the manner in which the court determined the question of venue. Appellant's argument appears to be that the range of factual and legal issues considered by the trial court in the process of ruling on venue was so broad that the court effectively, and improperly, determined the merits of Georgia Power's substantive claims.[3]

The authority of the trial court to hear mixed questions of jurisdictional law and fact in advance of trial is conferred by OCGA § 9-11-12 (d). "A preliminary hearing of defenses of lack of jurisdiction over the person and improper venue whether made in a pleading or by motion may be heard and determined by the court before trial on the application of any party. [Cit.] At such hearing factual issues shall be determined by the trial court." *Durdin v. Taylor*, 159 Ga. App. 675 (285 SE2d 51) (1981).[4] Accord *Daughtry v. Chaney-Bush Irrigation*, 166 Ga. App. 708 (1) (305 SE2d 439) (1983).

However, although OCGA § 9-11-12 (d) clothes the court with discretion to hear jurisdictional issues in advance of trial, it is a legal

---

[2] The dismissal pursuant to OCGA § 9-11-12 (b) (2) was entirely predicated upon the sustaining of the other motions for dismissal, and for this reason we will not separately consider its correctness.

[3] The issues arguably raised by the complaint include: the location of the 340-foot contour line as it existed in 1952; the extent, if any, to which the seawall and backfill lie below that line; whether the 340-foot contour line has shifted over the years by virtue of accretion; and whether title to the land, if any, above the 340-foot level in 1952 but presently below it has passed to the grantee, Georgia Power, under the language of the deed and the doctrine of accretion. The last-named issue is apparently of first impression in Georgia; as to it, see Powell On Real Property, §§ 983-85; Tiffany, Real Property, §§ 1219-1220.

[4] OCGA § 9-11-12 (d) "presumably afford[s] both parties with an opportunity to present evidence and responsive argument." *Newport Timber v. Floyd*, 247 Ga. 535, 537, fn. 1 (277 SE2d 646) (1981). It is problematical whether Georgia Power had notice in advance of entry of the judgment of dismissal that the court intended to treat the June 9 proceedings as a hearing under OCGA § 9-11-12 (d) as well § 9-11-65 (a). However, Georgia Power has stipulated that it waives any objections in this respect. See also OCGA § 9-11-7 (b) (1).

discretion which must balance the factors favoring pretrial determination of a defense against other circumstances favoring delay, and which generally should not be exercised to consider questions of jurisdiction which are largely co-extensive with the merits of a claim. Wright & Miller, Federal Practice and Procedure: Civil § 1373; 2A Moore's Federal Practice § 12.16. "In exercising this discretion, the court must balance the need to test the sufficiency of the defense or objection and the right of a party to have his defense or objection promptly decided and thereby possibly avoid costly litigation against such factors as the expense and delay the hearing may cause, the difficulty or likelihood of arriving at a meaningful result at the hearing, and the possibility that the issue to be decided on the hearing is so interwoven with the merits of the case that a postponement until trial is desirable." Wright & Miller, supra, at 709-11. In particular, "where determination of the defense will involve going into the merits, the question may well be re[serv]ed until trial. The rule is not intended to permit 'fragmentary and separate trials of issues that require coherent presentation for their just determination.'" 2A Moore's, supra at 2354.

In the instant case there is nothing in the record to suggest that the court notified the parties prior to entry of judgment that it intended to reach the merits of Georgia Power's claim, or that the court's reasoning included consideration of said merits on a de facto basis. Under these circumstances we will not impute such a determination to the court, and therefore find that the court's review of the OCGA § 9-11-12 (b) (3) question did not implicate the merits, and that there was no abuse of discretion.

3). The trial court apparently concluded that this suit was brought substantially in equity. However, Georgia Power contends that the purpose of its suit is essentially to establish title to land, and that venue in Putnam County is therefore authorized by 1983 Ga. Const. Art. 6, Sec. 2, Par. 2, which provides that "Cases respecting title to land shall be tried in the county where the land lies . . . ." We disagree. "While the instant petition is predicated upon the ownership by the plaintiff of certain described lands upon which the defendants allegedly committed acts of trespass, and of necessity requires the ascertainment and establishment of the boundary line in controversy, looking to the facts alleged by the plaintiff and the nature and character of the relief sought, we are of the opinion that this is a case in equity seeking injunctive relief against trespass to land, and involving the determination of a disputed boundary line, which a court of equity, under the alleged circumstances of this case, has a right to adjudicate." *Dawson v. Altamaha Land Co.*, 215 Ga. 700, 703 (1) (113 SE2d 129) (1960).

4). Georgia Power asserts that if this action is essentially equita-

ble in nature, venue lies in Putnam County pursuant to 1983 Ga. Const. Art. 6, Sec. 2, Pars. 3 and 4, which respectively prescribe that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed," and that "Suits against . . . joint tort-feasors . . . or joint trespassers residing in different counties may be tried in either county."

Although Art. 6, Sec. 2, Par. 3 requires that equity suits shall be brought in the county where a substantial defendant resides, "where a petition for injunction, brought in the county where one defendant resides, seeks to restrain a continuing trespass which all of the defendants are committing, the court is not without jurisdiction to grant such relief, even though all except the one defendant are residents of other counties in this State. And this is true, even though the resident defendant, as an employee or agent of a non-resident defendant, may have been acting only under his command or authority in the commission of the trespass. As authority for this ruling, see *Sellers v. Page*, 127 Ga. 633 (56 S.E. 1011) [1906], where it was said at page 637: 'In such case if one, upon employment of another, commit a positive wrong against a third person, as to such third person the law of principal and agent does not apply, but both are liable to him as principals. If all of the conditions existed as hereinbefore recited, they were such as to constitute all of the defendants joint wrongdoers, engaged in an enterprise to commit the injury of which the plaintiff complained.' " *Bennett v. Bagwell & Stewart, Inc.*, 214 Ga. 115, 116-17 (103 SE2d 561) (1958). Accord *Dennard v. Freeport Minerals Co.*, 250 Ga. 330 (3) (297 SE2d 222) (1982); *J. D. Jewell, Inc. v. Hancock*, 226 Ga. 480 (175 SE2d 847) (1970). Compare *Carter v. Grogan*, 230 Ga. 249, 252-253 (196 SE2d 434) (1973).

Here, Georgia Power's complaint named both Hamby and Harrison as the parties allegedly responsible for constructing the encroachment on its property, and prayed for an injunction to compel both defendants to remove the seawall and backfill. Contrary to these allegations, the trial court found that Hamby was not a trespasser, and we must ascertain whether this finding is sustainable.

Where, as in this case, the trial court sat as the trier of jurisdictional issues of fact, absent legal error an appellate court is without jurisdiction to overturn factual findings supported by some evidence, even if they are against the preponderance of the evidence. *Durdin v. Taylor*, supra, 159 Ga. App. at 676. There is a presumption that the judgment below was correct, and the appellant has the burden in asserting error to show it by the record. *Attwell v. Heritage Bank of Mt. Pleasant*, 161 Ga. App. 193, 194 (2) (291 SE2d 28) (1982).

Nevertheless, our review of the pleadings and evidence[5] supports the allegation in Georgia Power's pleading that Hamby backfilled and graded on its land, and reveals no evidence to support the court's finding. During the interlocutory hearing Harrison was called as a witness by Georgia Power. He testified that he built the seawall by himself, and that Hamby, his hiree, had graded and backfilled up to the seawall. This testimony, in conjunction with Georgia Power's allegation that the seawall and backfill are substantially situated on its property, support its contention that Hamby and Harrison are joint trespassers. Appellee apparently did not present evidence during the hearing, but alleges that two other witnesses called by Georgia Power testified that they did not actually see Hamby working in the area claimed by Georgia Power. This allegation is without merit, however, since the alleged testimony is not part of the record on appeal, and, even if it were, would not contradict Harrison's testimony. Thus, the court's finding that Hamby did not trespass on the area claimed by the plaintiff is clearly erroneous. Hamby and Harrison are properly named as joint trespassers, and the court therefore erred by granting dismissal for lack of venue.

Since we have concluded that defendant Harrison was properly served with process, and that venue against both defendants lies in Putnam County, we reverse and remand for further proceedings consistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 16, 1984 — REHEARING DENIED JULY 31, 1984.

*Jones, Cork & Miller, Wallace Miller, Jr., Wallace Miller III, W. Warren Plowden, Jr.,* for appellant.

*G. Lee Dickens, Jr., George D. Lawrence,* for appellees.

---

[5] Only a portion of the transcript of the June 9, 1983 hearing was designated by appellant for inclusion in the appellate record, and appellees have not supplemented it. See *Boats for Sail, Inc. v. Sears,* 158 Ga. App. 74 (1) (279 SE2d 314) (1981); *Barnett v. Freeman,* 157 Ga. App. 760 (278 SE2d 694) (1981).