## 77237. TERRELL v. PORTER.
(377 SE2d 540)

BENHAM, Judge.

Appellant Terrell filed suit against appellee Porter on July 22, 1987, seeking damages for injuries sustained in a vehicular collision on August 30, 1985. Appellee filed a timely answer in which he asserted as defenses insufficient service and lack of personal jurisdiction. In February 1988, appellee, citing supporting affidavits, moved to dismiss the complaint, which motion the trial court granted on the ground that appellee was not properly served with process. This appeal followed.

The deputy sheriff's return of service reflects that he served appellee personally on July 22, 1987. The affidavits executed by appellee, his wife, and his father, when taken together, show that the deputy sheriff went to 2540 Redwine Road to serve appellee and was told by appellee's father, a resident of that address, that appellee no longer lived there. The deputy told the senior Porter that he could accept the summons and complaint for appellee and give it to appellee. The senior Porter did so. Appellee and his wife averred that appellee had not resided at 2540 Redwine Road since April 4, 1987, the day they were married, and that no service on appellee had been accomplished at their home.

1. Appellant maintains that a genuine issue of fact was created by the conflict between the deputy sheriff's return of service and appellee's affidavits. While the return of service constituted prima facie

evidence that personal service was made upon appellee, the affidavits submitted by appellee created a factual dispute to be resolved by the factfinder, the trial court. *Garrett v. Godby*, 189 Ga. App. 183 (1) (375 SE2d 103) (1988). Appellant was not entitled to resolution of the issue by a jury since jurisdiction is a question for the court. *Montgomery v. USS Agri-Chemical Div.*, 155 Ga. App. 189 (1) (270 SE2d 362) (1980). The trial court concluded appellant did not serve appellee personally by leaving a copy of the summons and complaint at his dwelling house or usual place of abode (OCGA § 9-11-4 (d)), and that service was not accomplished by a statutorily-authorized person (OCGA § 9-11-4 (c)) since appellee's father, who gave appellee the process, was not specially appointed by the court for that purpose. Appellee's father "was without authority to serve process and his attempt to do so was without effect. [Cits.]" *Townsend v. Williams*, 170 Ga. App. 766 (318 SE2d 510) (1984). A copy of the summons and complaint left with a relative at a place other than appellee's residence or usual place of abode is not sufficient service. *Freeman v. Nodvin*, 181 Ga. App. 663 (1) (353 SE2d 546) (1987). The fact that appellee, having received the process from his father, had actual knowledge that a complaint had been filed against him did not cure the defect in service. *Adams v. Gluckman*, 183 Ga. App. 666 (1) (359 SE2d 710) (1987). There being evidence to support the trial court's findings, the appellate court will not disturb them. *Brown v. WTA/CHC*, 172 Ga. App. 636, 637 (324 SE2d 205) (1984).

2. Appellant asserts she was denied the procedural protection of OCGA § 9-11-56 (c) since, she argues, appellee's motion to dismiss was converted into a motion for summary judgment when the trial court considered the affidavits, matters outside the pleadings. However, a motion to dismiss is the proper vehicle to seek resolution of the issue of lack of service or insufficient service of process. *Echevarria v. Hudgins*, 173 Ga. App. 39 (1) (325 SE2d 423) (1984). "When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties. . . ." OCGA § 9-11-43 (b). A motion to dismiss for lack of jurisdiction of the defendant, when tried on affidavits pursuant to OCGA § 9-11-43 (b), does not become a motion for summary judgment. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223) (1988); *Boyer v. King*, 129 Ga. App. 690 (200 SE2d 906) (1973). Cases relied upon by appellant, *Royston v. Royston*, 236 Ga. 648 (225 SE2d 41) (1976), and *Williams v. Columbus, Ga.*, 151 Ga. App. 311 (259 SE2d 705) (1979), are distinguishable on the ground that each involves a motion to dismiss for failure to state a claim. OCGA § 9-11-12 (b) specifically provides that such a motion be treated as a motion for summary judgment should matters outside the pleadings be considered by the trial court. No such treatment is statutorily mandated for a motion to dismiss

based on insufficient service of process.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1989.

*Christopher J. McFadden, Guy G. Michaud,* for appellant.
*Russell D. Waldon, Lynn D. Heath,* for appellee.