## A94A2560. YELLE v. U. S. SUBURBAN PRESS, INC.
(453 SE2d 108)

ANDREWS, Judge.

The trial court denied Yelle's motion to dismiss asserting insufficiency of service of process and granted summary judgment in favor of U. S. Suburban Press, Inc. (Suburban Press). Yelle appeals.

The sheriff's return of service form reflects that the complaint filed by Suburban Press against Yelle was not served personally, but was served on "defendant Michael Yelle by leaving a copy of the action and summons at [Yelle's] most notorious place of abode in this County . . . [in the] hands of [Yelle's wife], domiciled at the residence of defendant." Pursuant to OCGA § 9-11-4 (d) (7), in the absence of personal service on the defendant, the defendant may be served with the action "by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." Yelle contends that service was not properly accomplished pursuant to OCGA § 9-11-4 (d) (7). Yelle's answer to the complaint, filed pro se, was sufficient to raise the defense of insufficient service of process. OCGA § 9-11-12 (b). His subsequent request to opposing counsel for an extension to respond to discovery and his response to Suburban Press' motion for summary judgment did not constitute a waiver of this defense. *Garrett v. Godby,* 189 Ga. App. 183, 185 (375 SE2d 103) (1988). "[T]here is no authority to dispense with the clear requirements of OCGA § 9-11-4 (d) (7) merely because the defendant may otherwise obtain knowledge of the filing of the action." *Bible v. Bible,* 259 Ga. 418, 419 (383 SE2d 108) (1989).

In support of his motion to dismiss, Yelle submitted affidavits to rebut the allegations in the sheriff's return of service. Yelle's affidavit stated that the residence where service was made was not his usual place of abode or dwelling house and that, at the time of service, he resided in the State of Washington. The affidavit of Yelle's wife stated that the copies of the action were handed to her by the sheriff at the residence of her daughter, where she was visiting at the time, and that she did not reside there. Yelle's daughter submitted an affidavit stating that the sheriff served the action at her residence; that neither her mother nor her father, Yelle, resided there at the time service was made, and that her mother was visiting there when she

was handed copies of the action. A business associate of Yelle submitted an affidavit stating that, at the time of service, Yelle and his wife resided in Washington. The only evidence submitted by Suburban Press for consideration on the motion to dismiss was an affidavit from counsel stating that Yelle had acknowledged receipt of discovery filed in the action and had failed to timely respond.

The sheriff's return of service constitutes prima facie proof of the facts recited therein, but it is not conclusive and may be traversed by proof that such facts are untrue. *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). "When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Nucor Corp. v. Meyers*, 211 Ga. App. 787, 788 (440 SE2d 531) (1994).

Clearly, the return of service form shows the sheriff had direct, personal knowledge that copies of the action and summons were handed by the sheriff to Yelle's wife at the residence at issue. The affidavits submitted by Yelle do not dispute these facts recited in the return of service. Compare *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770) (1989) (defendant's affidavit disputed return of service showing personal service on the defendant). However, the return of service does not show that the sheriff had direct, personal knowledge that the residence where service was made was Yelle's dwelling house or usual place of abode or that Yelle's wife, to whom the action was handed, resided there. The affidavits submitted by Yelle disputing these allegations in the return of service were based on the direct, personal knowledge of the affiants and were sufficient to carry Yelle's burden to overcome the prima facie presumption that service was properly made in accordance with OCGA § 9-11-4 (d) (7). The burden was shifted to Suburban Press to provide additional evidence in support of proper service. Since Suburban Press provided no additional evidence, the affidavits submitted by Yelle were uncontradicted and were direct, personal evidence that service was not accomplished in accordance with the requirements of OCGA § 9-11-4 (d) (7). *Boyer v. King*, 129 Ga. App. 690 (200 SE2d 906) (1973).

Under these circumstances, the trial court erred by denying Yelle's motion to dismiss for insufficiency of service of process. *Acord v. Maynard*, 198 Ga. App. 296 (401 SE2d 315) (1991); *Bible*, supra. It follows that the trial court had no jurisdiction over Yelle and erred by granting summary judgment in favor of Suburban Press. *Thompson v. Lagerquist*, 232 Ga. 75, 76 (205 SE2d 267) (1974).

*Judgment reversed. Beasley, C. J., and Johnson, J., concur.*

DECIDED JANUARY 11, 1995.

Michael Yelle, *pro se.*
J. *Michael Kaplan, Jr.,* for appellee.