A95A0517. WAHNSCHAFF v. ERDMAN et al.
(454 SE2d 213)

BLACKBURN, Judge.

We granted appellant Lorain C. Wahnschaff's application for interlocutory appeal to determine whether the trial court erred in dismissing her personal injury action against appellee Jennifer Erdman based upon the insufficiency of service of process.

On April 4, 1990, Wahnschaff commenced the underlying action against Erdman and her father as a result of injuries that Wahnschaff allegedly received when the vehicle that she had been driving was rear-ended by a vehicle driven by Erdman on August 12, 1988. The next day, service was attempted on Erdman and her father by leaving a copy of the summons and complaint with Erdman's mother. At that time, Erdman was on active duty in the United States Coast Guard and stationed in New Jersey, having enlisted in the military on January 16, 1990. By affidavit in support of her motion to dismiss, Erdman averred that, at the time service was attempted, she intended to make a career in the Coast Guard for the foreseeable future and did not intend to return to her parents' home to reside. It is undisputed that she has not been personally served with process in this action.

"OCGA § 9-11-4 (d) (7) requires that the complaint and summons be served on 'the defendant personally, or *by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein,* or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.' . . . The emphasized language is known as 'substituted' or 'notorious' service." (Citation and footnote omitted.) *Tolbert v. Murrell,* 253 Ga. 566, 567 (1) (322 SE2d 487) (1984). OCGA § 9-11-4 (d) (7) means exactly what it states and service under this section must be made as provided. *Bible v. Bible,* 259 Ga. 418 (383 SE2d 108) (1989). "[T]he language of the statute is so plain and unambiguous that judicial construction is both unnecessary and unauthorized." Id. at 419. In addition, there is no authority to dispense with the clear requirements of the statute merely because the defendant otherwise obtained knowledge of the filing of the lawsuit. Id. See also *Yelle v. U. S. Suburban Press,* 216 Ga. App. 46 (453 SE2d 108) (1995).

The Georgia Supreme Court has enunciated the requirement for

service of process when substituted service has been made upon a military serviceperson. " 'Where a party maintains a residence with a member of his family, but travels about or lives at various other places, the permanent residence may, on the facts, be his usual place of abode. This leads to a consideration of the situation where the party is in military service. Here a distinction is often made between one temporarily in service, with the intention of returning home after discharge, and one who is a career serviceman, particularly where the serviceman has set up a private home where he is stationed. Thus, in the first situation service by leaving process at defendant's family home is valid, although defendant is in military service and is stationed elsewhere. . . . In the second situation, service at defendant's former home, or by leaving process with defendant's parents, [is] invalid.' " *Tolbert*, supra at 567-568.

In the present case, unlike in *Tolbert*, the undisputed evidence showed that at the time service was attempted, Erdman was a career serviceperson with no intention of returning to her parents' home to reside. The trial court found as fact that Erdman was not a resident of her parents' home at the time that service was attempted on her mother at said residence, and this finding is supported by evidence of record. "Where, as in this case, the trial court sat as the trier of jurisdictional issues of fact, absent legal error an appellate court is without jurisdiction to overturn factual findings supported by some evidence. . . ." *Ga. Power Co. v. Harrison*, 253 Ga. 212, 216 (318 SE2d 306) (1984). The cases upon which Wahnschaff relies, *Wolfe v. Rhodes*, 166 Ga. App. 845 (305 SE2d 606) (1983) and *Rupee v. Mobile Home Brokers*, 124 Ga. App. 86 (183 SE2d 34) (1971), are inapposite. In *Wolfe* and *Rupee,* the evidence produced was insufficient to rebut the facts contained in the sheriff's entry of service, whereas here the undisputed evidence showed that Erdman was not a resident of her parents' home as asserted in the sheriff's entry of service. Since Erdman has not been properly served with process, we must affirm the dismissal of this action against her.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 21, 1995 — 

*John M. Hyatt, Tyron C. Elliott,* for appellant.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson,* for appellees.