## A95A2304. EARLEY v. DYSON et al.

(469 SE2d 841)

McMurray, Presiding Judge.

Plaintiff Arletha Earley, as next friend of Shawn Earley, appeals from the trial court's dismissal of this tort action as against defendant Thomas Dyson, Jr. on the ground of insufficient service of process.

David A. Smith, the court-appointed process server, delivered a copy of the summons and complaint to "Thomas Dyson, Sr. (father of 1st Def.) at 2211 Windsor Spring Road, Augusta, GA." In support of his motion to dismiss, defendant Thomas Dyson, Jr. submitted the affidavits of his father, Thomas Dyson, Sr. and his brother, Stanley Specks, who each deposed only that "Thomas Dyson, Jr. is an adult living elsewhere other than . . . at 2211 Windsor Spring Road, Augusta, Georgia." Stanley Specks did, however, testify at his deposition that his understanding was that defendant Thomas Dyson, Jr. "wanted all his mail to come there and — because he didn't have a permanent address." Stanley Specks also testified: "If Thomas came by then, yeah. If he came by for his mail I'll give him his mail."

Plaintiff opposed the motion with evidence that on April 15, 1994, defendant Thomas Dyson, Jr. testified under oath that he lived at "2211 Windsor Spring Road, . . . [with his] mother and . . . father and . . . two brothers." Defendant also gave 2211 Windsor Spring Road as his "home address . . ." to Don Moore in a recorded statement. David A. Smith, the special process server, gave a subsequent affidavit, wherein he deposed that, on January 28, 1995, Thomas Dyson, Sr. stated in his presence that "Thomas Dyson, Jr. resided at 2211 Windsor Springs [sic] Road. . . ." David A. Smith further deposed that "in a related action, the undersigned did earlier serve Thomas Dyson, Jr. at 2211 Windsor Springs [sic] Road."

The trial court concluded that 2211 Windsor Spring is not the usual place of abode or dwelling house of defendant Thomas Dyson, Jr. and dismissed the case. This appeal followed. *Held*:

If 2211 Windsor Spring Road were defendant Thomas Dyson, Jr.'s dwelling house or usual place of abode on January 28, 1995, then service of process on his father at that address was sufficient under OCGA § 9-11-4 (d) (7). "When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return 'can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.' *Denham v. Jones*, 96 Ga. 130, 132 (23 SE 78) (1895); *Norman Service Industries v. Lusty*, 168 Ga. App. 164, 165 (308 SE2d 411) (1983)." *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838). " 'Where, as in this case, the trial court sat as the trier of jurisdictional issues of fact, absent legal error an appellate court is without jurisdiction to overturn factual findings supported by some

evidence. . . .' *Ga. Power Co. v. Harrison*, 253 Ga. 212, 216 (318 SE2d 306) (1984)." *Wahnschaff v. Erdman*, 216 Ga. App. 355, 356 (454 SE2d 213).

In our view, the case sub judice may not be reviewed simply under an "any evidence" standard because defendant Thomas Dyson, Jr. made an admission against interest which was not overcome by the strongest clear and convincing evidence of which the case will admit, in support of his motion to dismiss. Defendant Thomas Dyson, Jr.'s April 15, 1994, sworn positive statement of his residence amounts to an evidentiary admission against interest and the onus was then on defendant to explain or deny the substance of that admission. *Foster v. State*, 157 Ga. App. 554, 556 (278 SE2d 136). But in the case sub judice, defendant's subsequent affidavit evidence is silent on the substance of that evidentiary admission against interest and conspicuously fails to state affirmatively where his dwelling place or usual abode was, if other than the place he had previously sworn to. Rather, his evidence is all negative. Specifically, defendant proffered the affidavits of his father, Thomas A. Dyson, Sr. and defendant's brother Stanley Specks, who each deposed only that "Thomas A. Dyson, Jr. is an adult living elsewhere other than . . . at 2211 Windsor Spring Road, Augusta, Georgia."

"There exists a rebuttable presumption of continuity that [one's] residence, having been duly established, is presumed to continue until the contrary is established. [Cits.]" *Sandifer v. Long Investors*, 211 Ga. App. 757, 759 (2) (d) (440 SE2d 479). In the case sub judice, this evidentiary presumption is established by defendant's sworn deposition testimony and is supported by the additional presumption that the "entry furnishes a high rank of evidence, very strong evidence of the fact of service; and the law requires the very strongest evidence to overcome the effect of such entry." *Denham v. Jones*, 96 Ga. 130, 131, supra. In the case sub judice, we do not have a mere conflict in the evidence. The evidence conflicting with the presumption of continuity and the presumption in favor of the return of service is impeached by defendant's contradictory sworn deposition testimony. In our opinion, defendant's evidence thus impeached is not, as a matter of law, the strongest available clear and convincing evidence that the return of service was false or that the presumption of continuity has been overcome. The trial court's conclusion that 2211 Windsor Spring Road "is not the usual place of abode or dwelling house of Thomas Dyson, Jr.," is clearly erroneous in that it is wholly unsupported by the evidentiary posture of the record before us. Consequently, we reverse the dismissal based on insufficiency of service of process.

*Judgment reversed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. Andrews, J., dissents.*

ANDREWS, Judge, dissenting.

Because I believe there was sufficient evidence to overcome the presumption in favor of the entry of service, I respectfully dissent. In support of her contention that the trial court erred in finding Dyson was not personally served, Early submits the entry of service and the process server's affidavit stating that he served Thomas Dyson, Sr., who told him that Dyson, Jr., resided at that address. Also, the evidence shows that on April 15, 1994, more than nine months before he was served in the instant case, defendant Dyson gave his address as 2211 Windsor Spring Road in a deposition taken in a separate case.

While there is a rebuttable presumption of continuity of residence, this presumption only exists until evidence is introduced to the contrary. See *Esco v. Jackson*, 185 Ga. App. 901, 906 (366 SE2d 309) (1988). Further, while the return of service constituted prima facie evidence that personal service was made upon Dyson, the affidavits and deposition testimony submitted by Dyson "created a factual dispute to be resolved by the factfinder, the trial court." *Terrell v. Porter*, 189 Ga. App. 778 (1) (377 SE2d 540) (1989). In addition, the affidavits and depositions of Dyson's father and brother, both of whom reside at the Windsor Spring Road address, do constitute "the very strongest evidence" necessary to overcome the entry of service. *Denham v. Jones*, 96 Ga. 130, 131 (23 SE 78) (1895).

The evidence adduced from the depositions of Dyson's father and brother, Stanley Specks, was that, in 1992, Dyson and his father had a disagreement and Dyson, Sr., told his son "to hit the street." Specks testified that the reason Dyson would have given the Windsor Spring Road house as his address was because, for a period of time after his father threw him out of the house, he continued to have his mail sent there. Specks testified that Dyson, Sr., became angry when he realized Dyson was having bills sent to the house and, after an incident involving a pager bill, Dyson stopped coming by the house and there was no more mail addressed to Dyson sent to the house. Specks further testified that, as far as he knew, Dyson did not work and stayed mostly with friends, thus explaining Dyson's failure to give another address.

In light of the above, I find the affidavits and depositions submitted by Dyson disputing the allegations in the return of service were based on the direct personal knowledge of the affiants and thus were sufficient to carry the burden of overcoming the prima facie presumption that service was properly made. See *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). Since Earley came forward with no additional evidence, "the affidavits . . . were uncontradicted and were direct, personal evidence that service was not accomplished in accordance with the requirements of OCGA § 9-11-4 (d) (7)." Id. Accordingly, the trial court correctly found there was no

personal service. As this Court is without jurisdiction to overturn these types of factual findings when supported by some evidence, I must dissent from the majority's decision to reverse the judgment of the trial court. *Ga. Power Co. v. Harrison*, 253 Ga. 212, 216 (318 SE2d 306) (1984); *Wahnschaff v. Erdman*, 216 Ga. App. 355, 356 (454 SE2d 213) (1995).

DECIDED MARCH 12, 1996.

*Bell & Bell, David B. Bell*, for appellant.
*Glover & Blount, Percy J. Blount*, for appellees.