### A96A0291. CUSHMAN v. RAIFORD.
(472 SE2d 554)

POPE, Presiding Judge.

Larry Edward Cushman appeals from the grant of summary judgment to Jason Matthew Raiford in this tort action.

The record shows that while pushing a vehicle on a dark highway on April 27, 1991, Cushman's 21-year-old son was struck and killed by a vehicle driven by Raiford. Cushman filed the original suit against Raiford on December 28, 1991, and served Raiford at his father's home, 4197 Henderson Road, Hephzibah. Cushman voluntarily dismissed the action on May 13, 1993, and refiled it pursuant to OCGA § 9-2-61 on November 12, 1993. The return of service filed by a Richmond County Deputy Sheriff shows that the renewal action was again served upon Raiford's father at 4197 Henderson Road on November 17, 1993; the return states that the father was "domiciled at the residence of defendant."

Raiford raised the defense of insufficiency of service of process in his answer, but Cushman did not attempt other service. Raiford filed a motion to dismiss, claiming that service was not properly accomplished pursuant to OCGA § 9-11-4 (d) (7). In support of the motion, Raiford attached three affidavits rebutting the information in the return of service. In his own affidavit, Raiford stated that he did not reside at 4197 Henderson Road and had not resided there on the date of service. Raiford's father stated in his affidavit that Raiford had not lived with him since January 15, 1993. In the third affidavit, Raiford's roommate stated that he had lived with Raiford between January 15, 1993, and July 31, 1994, at addresses other than 4197 Henderson Road. In a fourth affidavit, apparently submitted after the hearing on the motion, Raiford claimed that when he moved out of his father's home he had no intention of returning, either temporarily or permanently.

The superior court granted the motion. Upon review of the record before us, we reverse.

First, we note that although the trial court converted the motion to one for summary judgment in apparent reliance on OCGA § 9-11-12 (b), the motion remained a motion to dismiss. Motions to dismiss for insufficiency of service of process are matters in abatement, and do not form a proper basis for motions for summary judgment or convert to motions for summary judgment when matters outside the pleadings are considered. *Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 667) (1994). Thus, we will treat the court's order as one dismissing the complaint for insufficiency of service of process. See generally *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (1) (442 SE2d 795) (1994).

Evidence showed that Jason Raiford was an Augusta College student at the time the renewal action was served on November 17, 1993. At that time, Raiford's father paid his college tuition and his automobile insurance. At his deposition, Raiford testified that in January 1993 he moved to a McDowell Street address in Augusta for seven months and that he then moved to a Battle Road, Augusta address for a year. In July 1994, Raiford moved to his grandmother's house at 4198 Henderson Road.[1] At the time of service, in November 1993, according to Raiford's chronology, he had been at the Battle

---

[1] This matter is somewhat complicated by the fact that Raiford's grandmother owned the house at 4198 Henderson Road, which was next door to 4197 Henderson Road. Raiford sometimes lived with his grandmother at 4198 Henderson Road. On December 19, 1994, when Raiford responded to interrogatories, and at his deposition on January 26, 1995, Raiford gave his address as 4198 Henderson Road. In the interrogatories, he stated that he lived at 4198 Henderson Road at the time of the accident on April 27, 1991. Raiford recalled that he had moved to 4198 when his cousins moved into his father's house at 4197 Henderson Road.

Road address for four months.

Despite this testimony, there was ample evidence that Raiford considered 4197 Henderson Road his permanent residence. First, in Raiford's first responses to plaintiff's interrogatories, dated December 7, 1994, *Raiford stated that he resided at 4197 Henderson Road.* Twelve days later Raiford filed supplemental responses in which he stated that he resided at 4198 Henderson Road. At his deposition, Raiford testified that until December 1994, his driver's license listed the 4197 address; that he listed that address on state and federal tax forms for both 1992 and 1993; that he continued to receive mail at that address; and that he had that address printed on personal checks *after* he claims to have moved to Augusta. Moreover, his father testified that Raiford had previously moved out of his parents' home temporarily and then moved back in. During his deposition, Raiford admitted that he had occasionally spent the night at 4197 Henderson Road after moving out in January 1993. Moreover, Raiford was served at 4197 Henderson Road with the original action on January 3, 1992, and did not raise insufficiency of service of process as a defense.

"The sheriff's return of service constitutes prima facie proof of the facts recited therein, but it is not conclusive and may be traversed by proof that such facts are untrue. *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). 'When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.' [Cit.]" *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995).

" 'Where a party maintains a residence with a member of his family, but travels about or lives at various other places, the permanent residence may, on the facts, be his usual place of abode.' " *Tolbert v. Murrell*, 253 Ga. 566, 567 (1) (322 SE2d 487) (1984), quoting from 2 Moore's Federal Practice, Par. 4.11 [2] at p. 4-122. In the context of the situation where the party is in military service, "a distinction is often made between one temporarily in service, with the intention of returning home after discharge, and one who is a career serviceman, particularly where the serviceman has set up a private home where he is stationed. Thus, in the first situation service by leaving process at defendant's family home is valid, although defendant is in military service and is stationed elsewhere. . . . In the second situation, service at defendant's former home, or by leaving process with defendant's parents, [is] invalid." *Tolbert*, 253 Ga. at 568. See also *Wahnschaff v. Erdman*, 216 Ga. App. 355, 356 (454 SE2d 213) (1995).

Pretermitting the issue of whether Raiford's various representa-

tions that he resided at 4197 Henderson Road constituted admissions against interest, see *Earley v. Dyson*, 220 Ga. App. 586 (469 SE2d 841) (1996), service on Raiford was proper at 4197 Henderson Road. Although Raiford's affidavit stated that he had no intention of returning to his father's home, there was evidence that he moved frequently and had not established another permanent residence. See *Tolbert*, supra. Raiford failed to carry his burden of showing improper service and the evidence he submitted did not traverse the prima facie proof created by the sheriff's return of service. Compare *Garrett v. Godby*, 189 Ga. App. 183 (375 SE2d 103) (1988). In concluding otherwise, the trial court abused its discretion. See *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984).

*Judgment reversed. Beasley, C. J., McMurray, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Birdsong, P. J., Andrews and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I must respectfully dissent. In doing so, I do not express an opinion regarding whether Raiford *in fact* resided at 4197 Henderson Road at the home of his father. Rather, my dissent is based upon my conclusion that the trial court, as the trier of fact regarding this matter, was faced with strong evidence on both sides of this fact question. Required to resolve that fact question, the trial court did so within its sound discretion. This Court, in my view, may not now decide that question differently based upon that evidence, unless the trial court abused its discretion. I do not agree that the trial court abused its discretion, because the record is replete with evidence that supports the trial court's conclusion, although that evidence was in conflict.

The majority lists in great detail the evidence supporting its *own* conclusion; it fails to mention that *equally strong* evidence was presented supporting the opposite conclusion: that Raiford did not "reside" at his father's home. For example, no dispute exists that at the time Raiford was served with the summons and complaint he was not living with his father on Henderson Road in Hephzibah, but on Battle Road in Augusta. When he first moved out of his father's home, approximately ten months prior to service, he took all his furniture and clothing even though he had to store his bed elsewhere because there was no room in his new residence for the bed. One of the reasons he moved from his father's home was that his father needed the room for Raiford's brother; Raiford could not have lived there had he wished to. The house next door was being occupied by other relatives. Raiford made sworn statements that he had no intention of returning to his father's home, that he did not consider it his residence, and that in fact he has not resided at 4197 Henderson Road, either temporarily or permanently, since January 1993. These

sworn statements were unrebutted by any evidence presented by Cushman.

Our case law holds that the issue of whether this evidence was sufficient to overcome the facts reflected in the return of service is a matter within the sound discretion of the trial court. *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). The strong evidence presented by both parties created a question of fact to be resolved by the trial court as the trier of fact on this issue. *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989). In such a situation, the law is simple, straightforward, and unambiguous regarding the duty of this Court: if evidence exists to support the trial court's ruling, it should not be disturbed. Id. at 779 (1). In my view, that is clearly so here. Therefore, whatever this Court's own conclusion might be as to the *weight* of the evidence, I would affirm the trial court.

I am authorized to state that Presiding Judge Birdsong and Judge Andrews join in this dissent.

DECIDED JUNE 20, 1996 — 

*Christopher G. Nicholson*, for appellant.
*Allgood & Daniel, Robert L. Allgood, Robert J. Lowe, Jr., Charles C. Mayers*, for appellee.