A07A1583. AIKENS v. BRENT SCARBROUGH & COMPANY, INC.

(651 SE2d 214)

MIKELL, Judge.

Carl Aikens filed a complaint against Brent Scarbrough & Company, Inc. ("Scarbrough Co."), seeking to recover damages under a respondeat superior theory for injuries Aikens sustained when he fell down a manhole while working at a job site. Scarbrough Co. did not file an answer, and the trial court entered a default judgment followed by a final judgment against it in the amount of $4,147,442.24. Scarbrough Co. filed a motion to set aside the judgments, asserting, inter alia, that service had not been properly perfected. The trial court granted the motion but directed Scarbrough Co. to acknowledge service of Aikens's complaint. The court also granted a certificate of immediate review, but we denied Aikens's application for interlocutory appeal. Scarbrough Co. then moved for summary judgment, and the trial court granted its motion. On appeal, Aikens asserts that the trial court erred in setting aside the default judgment. He does not contest the merits of the grant of summary judgment, but contends that the trial court erred in reaching that motion. Accordingly, the primary thrust of Aikens's appeal is that service was properly perfected on Scarbrough Co. Because there is evidence to support the trial court's findings of fact, we affirm the order setting aside the judgments.

In its order, the trial court made the following findings of fact: On March 8, 2005, Scarbrough Co.'s registered agent for service of

---

[9] See OCGA § 17-10-2 (a) (1); Ga. L. 2005, Act 8, § 11.
[10] *Gilbert,* supra.

process was Brent Scarbrough. On that day, a private process server attempted to serve Scarbrough Co. at its place of business, but its registered agent was not present. The process server alleged that he served the receptionist. On that day, Carol Chambers was Scarbrough Co.'s receptionist. The return of service identifies Chambers as receiving the complaint. Chambers, however, does not recall receiving the complaint from the process server. The trial court determined that (1) Chambers was not the registered agent for service of process; (2) Chambers did not otherwise have authority to accept service on behalf of Scarbrough Co.; (3) Chambers was not appointed by an authorized agent to accept service of process; and (4) Chambers was not a proper agent for service of process because she did not have a supervisory or managerial position that would have allowed service to be perfected upon Scarbrough Co. through her. Based on the findings, the court held that service was not properly perfected on Scarbrough Co., so that the court did not have personal jurisdiction when it entered the default judgment or the final judgment. The court accordingly granted the motion to set aside the judgments against the company.

Aikens asserts that we owe no deference to the trial court's ruling. That is not correct. A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion.[1] The trial court resolves factual disputes regarding service, and we will uphold the court's findings if there is any evidence to support them.[2] "[W]hen the defense of lack of personal jurisdiction due to defective service is raised by way of a motion to set aside the judgment, the trial court sits as the trier of fact. Our standard of review in this regard is the 'any evidence' rule, and absent an abuse of discretion, we will not reverse a trial court's . . . judgment."[3] The nondeferential standard of review to which Aikens refers generally has been applied to a trial court's decision concerning whether service was properly effected upon a nonresident defendant pursuant to the Georgia Long Arm Statute, OCGA § 9-10-91, and only when the defendant's motion to dismiss is considered on the basis of written submissions alone.[4] As this case does not concern a nonresident defendant, we will apply the "any evidence" rule.

---

[1] *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999).

[2] *Williams v. Jackson*, 273 Ga. App. 207, 208 (614 SE2d 828) (2005).

[3] (Footnote omitted.) *Kahlig v. Martinez*, 272 Ga. App. 491 (612 SE2d 833) (2005); see also *Garrett v. Godby*, 189 Ga. App. 183, 184 (1) (375 SE2d 103) (1988).

[4] See *ETS Payphone v. TK Indus.*, 236 Ga. App. 713-714 (513 SE2d 257) (1999); *Intl. Capital Realty Investment Co. v. West*, 234 Ga. App. 725, 727 (1) (507 SE2d 545) (1998); *Scovill Fasteners v. Sure-Snap Corp.*, 207 Ga. App. 539-540 (428 SE2d 435) (1993). Compare *Smith v.*

Aikens challenges the trial court's finding that Chambers was not authorized to accept service on behalf of Scarbrough Co. For an employee to be authorized to accept service on a corporation's behalf, her position must be "such as to afford reasonable assurance that [she] will inform [her] corporate principal that such process has been served upon [her]."[5] She need not be an officer or be authorized to enter into contracts on behalf of the corporation.[6] But if she is not an officer or has not been expressly designated by the corporation to receive service, she must occupy some position of managerial or supervisory responsibility within the organization.[7] Here, Brent Scarbrough submitted an affidavit averring that Chambers, an employee in the accounting department, also works as a part-time receptionist; that she has never been an officer, director, or shareholder, has never been expressly or impliedly designated as a person to receive service of process on behalf of Scarbrough Co., and has no managerial or supervisory responsibilities. Aikens failed to point to any evidence showing that the receptionist was an officer or that she occupied any managerial or supervisory responsibility within the company.

Aikens contends, however, that service upon Chambers was proper because she affirmatively represented to the process server that she in fact possessed authority to accept service on behalf of Scarbrough Co. Aikens cites *Murray v. Sloan Paper Co.*[8] in support of his contention. In *Murray*, we found that evidence of an administrative assistant's conduct in leading the marshal who served the complaint to believe that she was in charge of the office and was authorized to accept service for the corporation supported the conclusion that she was actually authorized to do so.[9] The marshal provided an affidavit in which he averred that the administrative assistant told him that she could accept the suit papers.[10] The administrative assistant also signed the return of service adjacent to

---

*debis Financial Svcs.*, 263 Ga. App. 212, 213-214 (587 SE2d 390) (2003) (physical precedent only) (nondeferential standard applied to review of dismissal of action against resident defendant).

[5] (Citation and punctuation omitted.) *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (2) (442 SE2d 795) (1994).

[6] See *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985). See also OCGA § 9-11-4 (e) (1) (allowing corporation to be served by delivering summons to "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof").

[7] *Whatley's Interiors*, supra. Accord *Murray*, supra.

[8] Supra.

[9] Id. at 649-650 (2).

[10] Id. at 648.

the printed section on the form marked " 'in charge of the office.' "[11] Furthermore, there was no evidence that the employee's actual duties did not entail managerial or supervisory responsibilities.[12] Based on those facts, we held that the defendant failed to sustain its burden of showing that she lacked such responsibilities.[13]

In the case at bar, the private process server, Anthony Knott, averred that the receptionist advised him that Scarbrough was not in the office; that "to the best [of his] recollection," the receptionist called Scarbrough to inquire as to whether she could accept the documents; that the receptionist told Knott that Scarbrough had given permission for her to receive the documents; and that she did in fact receive the documents. Scarbrough, however, averred that he never had a conversation with Chambers in which he authorized her to accept service of papers from Knott. Chambers averred that she did not recall ever receiving the papers that were alleged to have been served on her and that she had never been served with legal papers prior to that date. Unlike the administrative assistant in *Murray*, Chambers did not sign the return of service, and both she and Scarbrough averred that she worked part-time and had no managerial or supervisory responsibilities. "Where the evidence is conflicting with respect to the authority of an employee to receive service, the issue becomes one of fact to be resolved by the trial judge."[14] There is evidence to support the court's finding that Chambers lacked authority to accept service of process, and this finding will not be disturbed on appeal.

Aikens contends that the trial court relied upon an insufficient quantum of evidence in finding that service was not properly effected. Aikens points out that a defendant who challenges the sufficiency of service bears the burden of showing improper service.[15] "Although the return of service is not conclusive, it constitutes evidence of a high order as to the facts it recites."[16] "The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit."[17] Aikens argues that, applying this standard, Chambers's testimony that she could not recall receiving the papers is insufficient to contravene either the

---

[11] Id.

[12] Id. at 649 (2).

[13] Id.

[14] (Citations omitted.) *Whatley's Interiors*, supra; accord *Hardin Constr. Group v. Fuller Enterprises*, 233 Ga. App. 717, 721 (2) (505 SE2d 755) (1998) (physical precedent only).

[15] *Cushman v. Raiford*, 221 Ga. App. 785, 787 (472 SE2d 554) (1996).

[16] (Citation omitted.) *D. C. Micro Dev. v. Lange*, 259 Ga. App. 611, 612 (1) (578 SE2d 251) (2003).

[17] (Citation and punctuation omitted.) *Cushman*, supra.

return of service or the testimony of the process server that Chambers told him that during a telephone or radio call, Scarbrough gave her permission to accept the documents on his behalf. But Aikens ignores the testimony of Scarbrough, who testified that during the call, he did not authorize her to accept service of papers from the process server. "Whether the evidence is sufficient to overcome facts reflected in a return of service is a question to be resolved by the trial court as the factfinder."[18] Those findings will not be disturbed on appellate review when supported by any evidence.[19] In the instant case, we cannot say that the trial judge abused his discretion in resolving the factual dispute in favor of Scarbrough Co.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 17, 2007.

*Grant G. Morain, James D. Summerville*, for appellant.
*Shapiro, Fussell, Wedge & Martin, H. Fielder Martin, Mozley, Finlayson & Loggins, Brian J. Duva*, for appellee.

---

[18] (Citation omitted.) *Franchell*, supra; see also *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). Compare *Earley v. Dyson*, 220 Ga. App. 586, 587 (469 SE2d 841) (1996) (defendant's sworn positive statement that residence to which summons was delivered was his residence amounted to evidentiary admission against interest; defendant's impeached evidence was not strongest available clear and convincing evidence; no evidence supported trial court's finding that the residence was not defendant's usual place of abode).

[19] *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989).