## BELT *et al.* v. SIMKINS *et al.*

A tenant for life who holds the estate without impeachment for waste is not liable at law to a remainderman for waste committed, though he may be restrained by a court of equity at the instance of a remainderman from committing further acts of waste in the future which are destructive of the inheritance, or are of a wanton and malicious nature.

Argued June 8, — Decided July 19, 1901.

Action for damages. Before H. D. D. Twiggs, judge pro hac vice. Emanuel superior court. December 31, 1900.

On June 11, 1861, L. Carlton Belt died leaving a will bearing the same date, the material part of which is as follows: "I give, devise, and bequeath the whole of my estate, real and personal, to my wife, Elizabeth T. Belt, during her widowhood to be absolutely under her control and management, as it is now under my own, being perfectly willing to trust my children to her care and her bounty. In the event of the marriage of my said wife after my death, then I wish my property to be equally divided between her and my children who may be then in life, share and share alike, including the natural increase of the slaves, but not the income of

the property during her widowhood; it being my expectation that she shall not be held to any account for any income or any alleged waste or mismanagement. Should my said wife remain in widowhood during the term of her natural life, she is to have control, management, and interest, as above specified, until her death, at which time I will and direct that it be divided equally, share and share alike, among my three surviving children, and the children (if any) of such as may have died before her, the latter to take per stirpes, to them and their heirs forever." In 1863 Mrs. Belt, individually and as executrix, conveyed large tracts of land of the estate to persons under whom the defendants to the present action hold, this action having been brought by two children of the testator to recover damages resulting from the boxing of timber on some of the land. Mrs. Belt qualified as executrix, and assented to the legacy. She is still in life, and the plaintiffs are her only children. She has remained a widow ever since the testator's death. The defendants and those under whom they claim were in possession of the land for more than seven years before this suit was filed. Upon these facts the case was submitted to the trial judge without a jury. He rendered judgment for the defendants, and error is assigned thereon.

*R. L. Gamble, Alfred Herrington,* and *F. H. Saffold,* for plaintiffs. *Williams & Williams,* for defendants.

COBB, J. Mr. Bispham in his work on the Principles of Equity (6th ed.), § 430, says: "The common-law remedy for waste, as extended by the statutes of Marlbridge and Gloucester, was a writ of waste, in which the thing wasted was forfeited, and damages were recovered. The writ of waste has been abolished in England, and the only common-law remedy which the remainderman now has is a special action on the case for damages. In many of the United States remedies for waste are given by statute; in some of them the place wasted being forfeited, and damages recovered; in others the remedy being simply an action for damages." In the case of *Parker* v. *Chambliss,* 12 *Ga.* 235, a case decided in 1852, it was held that "a tenant in dower is liable for waste committed on the estate, but she does not thereby forfeit her estate and treble damages, as provided by the statute of Gloucester. The remedy against her is by action on the case, in the nature of waste, to recover the actual

damage done to the estate, or by an injunction to restrain her from committing waste, when necessary, on a proper case made." In *Dickinson* v. *Jones, 36 Ga.* 97, it was held that equity would enjoin waste by a life-tenant at the instance of a remainderman. In the opinion Judge Harris takes occasion to say that in the earlier decisions of the court there were to be found dicta in which doubts were stated as to whether the statute of Gloucester was of force in Georgia, but that, speaking for himself, he would have to regard that statute as being of force until it had been repealed by the General Assembly. In *Woodward* v. *Gates, 38 Ga.* 205, it was ruled that the statute of Gloucester, as to a forfeiture of the estate, was not of force in this State prior to the adoption of the code; but that since the 1st day of January, 1863, when the first code went into effect, the provisions of the statute of Gloucester, so far as a forfeiture of the estate as a result of waste was concerned, were of force in Georgia. The provisions of the Code of 1863 referred to are those which are now contained in the Civil Code, § 3090, which reads as follows: "The tenant for life is entitled to the full use and enjoyment of the property, so that in such use he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending to the permanent injury of the person entitled in remainder or reversion. For the want of such care, and the willful commission of such acts, he forfeits his interest to the remainderman, if he elects to claim immediate possession." The section just quoted clearly provides for a forfeiture of the estate by the life-tenant as a result of waste, if the remainderman or reversioner elects to claim immediate possession. There is nothing in the section, however, which makes of force in this State the harsh penalty of treble damages, which was provided for in the statute of Gloucester. Whether or not the remainderman or reversioner has a right to bring an action at law for damages for waste committed by the life-tenant, or whether under the code they are remitted entirely to the remedy given to claim a forfeiture of the estate, is a question which is not necessary to be decided in the present case, as will hereafter appear. One who creates a life-estate for the benefit of another, either by will or by deed, may, if he sees proper, provide that the tenant for life shall not be held liable for waste. Such a tenant is characterized as a tenant for life who holds without impeachment for waste. No matter what may be the character of the waste com-

mitted, no one interested in the property has a right to call such a tenant into a court of law on account of his conduct. If a particular tenant exercises this power in an unconscientious manner, a court of equity may interfere to restrain him, and a waste committed by such a tenant which would be enjoined by a court of equity is called equitable waste; but a life-tenant who holds the estate without impeachment for waste is not liable for acts of waste except those which are destructive of the inheritance or wanton and malicious in their character. Bisp. Prin. Eq. § 434; 28 Am. & Eng. Enc. L. (1st ed.) 864; 12 Enc. Laws of Eng. 536; *Dickinson* v. *Jones*, 36 *Ga.* 105. Under the terms of the will of L. Carlton Belt, Mrs. Belt was a tenant for life without impeachment for waste, and she, and those claiming under her, during her lifetime can not be called to account in a court of law for any act or conduct on their part in relation to the way in which they are managing or dealing with the estate. This was a sufficient reason for rendering judgment in favor of the defendants, without regard to the question as to whether under the code an action for damages would lie against a life-tenant in favor of a remainderman for waste committed by the former. It is not necessary to determine in the present case whether Mrs. Belt, either as executrix of the will of her husband or as tenant for life in the property, had the power to sell and dispose of the remainder interest. If she did have this power, her deed to the defendants would convey to them the entire interest in the property, and therefore the judgment in their favor was right. If she did not have this power, the defendants would during her lifetime, under deed from her, have the same rights which she would have; and for this reason also a judgment in favor of the defendants would be proper.

*Judgment affirmed. All the Justices concurring.*