### 31595.  AMERICAN OIL COMPANY *v.* ARRINGTON.

DECIDED JUNE 27, 1947.  REHEARING DENIED JULY 16, 1947.

*Dunaway, Riley & Howard, Stevens & Stevens,* for plaintiff in error.

*Evans & Evans,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The judge did not err in overruling the demurrers of the defendant, to the effect that the petition showed on its face that the venue of the action was improper and that the Superior Court of McDuffie County was without jurisdiction to entertain the action. The defendant contends that, since it appears from the petition that the defendant was a non-resident corporation which was without an agent or place of business in McDuffie County, but had designated an agent in Fulton County to accept service of process,

it was a resident of Fulton County for purposes of suit, and that the present action could not be maintained in McDuffie County. This contention can not be legally sustained. By an act of the General Assembly of January 31, 1946, sec. 4 (Ga. L. 1946, p. 687, 689), it is expressly provided: "A foreign corporation, doing business in this State, and which does not maintain a place of business or agent in this State upon whom service may be perfected, shall be suable hereunder in any county of this State in which . . the tort sued for or any part thereof was committed, or in any county in this State wherein the person or persons designated by such corporation under the provisions of this act to accept service shall reside. In the event suit is brought in a county in which . . the tort sued for or any part thereof was committed, and in which the person or persons designated by such corporation under the provisions of this act to accept service shall not reside, service of said summons or process may be perfected upon such corporation by a second original served upon such person or persons in any other county of this State designated by such corporation as its agent to receive service of summons and process under this act." It appears from the allegations of the petition that the tort sued upon was committed in McDuffie County, and that the defendant corporation does not have an agent or place of business in that county, but that it had designated an agent in Fulton County to accept service of process, and that this agent was duly served by a second original. This was a substantial compliance with the terms of said act of 1946, and the court did not err in overruling grounds 1 and 2 of the demurrer.

It is well-settled law in this State that a foreign corporation doing business in this State may, for purposes of suit against it, be treated as a resident of this State and of any county in which it has an agent upon whom service can be perfected. Numerous decisions of our Supreme Court to this effect are cited in *Hirsch* v. *Shepherd Lumber Corp.*, 194 *Ga.* 113 (20 S. E. 2d, 575), and this principle was again ruled in that case. The *Hirsch* case, the case of *Lloyd Adams Inc.* v. *Liberty Mutual Ins. Co.*, 190 *Ga.* 633 (10 S. E. 2d, 46), and the other cases on this question, cited and relied on by the plaintiff in error in its brief, do not authorize or require a ruling in the present case different from the one here

made. The venue and service in this case were laid and perfected under the terms of the act of January 31, 1946, part of which is above set out, and the provisions of that act in this respect are applicable and controlling in this case, instead of the authorities cited and relied on by the plaintiff in error.

■ The amended petition set out a separate and distinct cause of action in each count, and the two causes of action were not commingled or intermingled, as contended by the defendant in grounds 3, 4, 6, 7, and 8 of the demurrer. The petition declared upon two separate and distinct causes of action, one based on negligence, and the other based on wilful and wanton conduct. The cause of action based on negligence was designated in the petition as "Count 1," and was set out in distinct and orderly paragraphs numbered consecutively from 1 through 13, with a prayer for damages contained in the last paragraph. The cause of action based on wilful and wanton conduct was designated in the petition as "Count 2," and was set out in distinct and orderly paragraphs numbered consecutively from 1 through 9, with a prayer for punitive damages contained in the last paragraph. The allegations of each count were separately pleaded. While certain paragraphs of one count might be in conflict with certain paragraphs of the other count, the petition was not duplicitous since the conflicting paragraphs were contained in separate counts. The petition set out two separate and distinct causes of action in separate counts and was not duplicitous, and the court did not err in overruling grounds 3, 4, 6, 7, and 8 of the demurrer.

■ The court did not err in overruling the ground of special demurrer attacking the form in which the petition was brought as to the two counts therein set out. The petition designated a plaintiff and a defendant and set out facts to show that the court to which it was addressed had jurisdiction of the defendant. It alleged that the petition was brought in two counts, and set out the allegations of each count, designated an such, in distinct and orderly paragraphs consecutively numbered, with a prayer for damages contained in each count. At the conclusion of the petition were prayers for process and service, and for judgment "as prayed for in the petition." This was a substantial compliance with the rule which requires "each count to contain a complete cause of action in distinct and orderly paragraphs numbered con-

secutively," and the court did not err in overruling ground 5 of the demurrer. In this connection, see *Cooper* v. *Portner Brewing Co., 112 Ga.* 894 (38 S. E. 91); *Gainesville & Dahlonega Elec. Ry. Co.* v. *Austin, 122 Ga.* 823 (50 S. E. 893).

■ In paragraph 9 of count 1 of the petition, the plaintiff alleged that his motorcycle was damaged in certain particulars and that it was repaired by a named individual, but he failed to allege the cost of the repairs. In paragraph 8 of count 2, he alleged that his motorcycle was "damaged to the extent of $45 for necessary repairs," which were made by a certain repair shop, but he does not allege in what particulars it was damaged nor does he itemize the cost of such repairs.

The defendant's special demurrer to this part of the petition was not exactly appropriate after the petition was amended; but it will be readily seen that the plaintiff can not legally maintain this action for damages to his motorcycle as his pleading now stands; and direction is given, unless he amends said paragraphs 8 and 9 of his petition, substantially to the effect as above suggested, before the case comes up for trial, that the trial judge strike said paragraphs 8 and 9 from the petition.

■ The petition as amended was not subject to any of the other special demurrers of the defendant.

■ The assignment of error, that the trial judge erred in sustaining the plaintiff's demurrer to the defendant's plea to the jurisdiction and in dismissing it, can not now be considered by this court. The sustaining or overruling of a plea to the jurisdiction is not a final judgment from which a bill of exceptions will lie to this court, as the main case is left pending in the court below. *Ross* v. *Mercer, 115 Ga.* 353 (41 S. E. 594). While a defendant may, before the final determination of a case, bring to this court for review a decision overruling a general demurrer to a petition because the judgment complained of, had it been rendered as sought by the plaintiff in error, would have been a final disposition of the case, such defendant can not, in a bill of exceptions sued out in such a case, properly except also to a judgment sustaining a demurrer to his plea to the jurisdiction. See *Stovall* v. *Rumble, 71 Ga. App.* 30 (3) (29 S. E. 2d, 804), and citations; *Wright* v. *Morris, 50 Ga. App.* 196 (177 S. E. 365); *Turner* v. *Camp, 110 Ga.* 631 (2) (36 S. E. 76).

■ The petition set out a cause of action, and the venue was properly laid in McDuffie County; and the court did not err in overruling the general and special demurrers, as stated in the above rulings.

*Judgment affirmed with direction. Parker, J., concurs. Fellon, J., concurs in the judgment.*