## 34848. HORNE *v.* EWING.

Decided December 2, 1953.

*Mixon & Forrester*, for plaintiff in error.

*Benjamin Zeesman*, contra.

SUTTON, C. J.  (After stating the foregoing facts.)  ■ The assignment of error on the sustaining of the plaintiff's motion to strike the defendant's plea to the jurisdiction cannot now be considered, for the reason that the sustaining or overruling of a plea to the jurisdiction is not a final judgment to which a bill of exceptions will lie, as the main case was left pending.  "While a defendant may, before the final determination of a case, bring to this court for review a decision overruling a general demurrer to a petition because the judgment complained of, had it been rendered as sought by the plaintiff in error, would have been a final disposition of the case, such defendant can not, in a bill of exceptions sued out in such a case, properly except also to a judgment sustaining a demurrer to his plea to the jurisdiction. See *Stovall* v. *Rumble,* 71 *Ga. App.* 30 (3)  (29 S. E. 2d 804), and citations; *Wright* v. *Morris,* 50 *Ga. App.* 196 (177 S. E. 365) ; *Turner* v. *Camp,* 110 *Ga.* 631 (2)  (36 S. E. 76)." *American Oil Co.* v. *Arrington,* 75 *Ga. App.* 447, 452 (6)  (43 S. E. 2d 732).

■ Error is also assigned on the overruling of the defendant's demurrer to the petition.  The pertinent part of the demurrer as presented for consideration here is to the effect that there is no positive or definite allegation in the petition that the defendant was a nonresident of the State of Georgia at the time of the filing of the suit, and therefore no action lies under the Nonresident Motorists Act.  It was alleged in the petition that the defendant, at the time of the collision complained of, was a non-

resident of Georgia, residing at Daytona Beach, Florida, and still lived there, so far as the plaintiff knew. It was alleged that the injury complained of occurred in Dooly County, Georgia, and that the plaintiff, then and now, lives in Crisp County, Georgia. The suit was filed in Crisp County.

The suit, as above stated, was brought under the Nonresident Motorists Act of 1937 (Ga. L. 1937, pp. 732, 735), as amended by the act of 1947 (Ga. L. 1947, p. 305); Code, Ann. Supp., §§ 68-801—68-803. The venue of suits brought under this law was fixed by the legislature as follows: "All suits or causes of action brought under this chapter, relating to the use of the highways of this State by nonresident motorists, shall be brought in the county in which the accident, injury, or cause of action originated, or in the county of the residence of the plaintiff therein, as the plaintiff in such suit may elect, if the plaintiff in such suit is a resident of the State of Georgia; and if the plaintiff in such suit is a nonresident of the State of Georgia, then in that event, such suit shall be brought in the county in this State in which the accident or injury occurred or the cause of action originated; and the courts in said counties having jurisdiction of tort and criminal actions shall have jurisdiction of all such nonresident users in actions arising under this chapter." Code (Ann. Supp.) § 68-803; Ga. L. 1947, p. 305.

The plaintiff in error contends that the petition was subject to demurrer because it failed to allege that the defendant was a nonresident at the time of filing the suit. The petition alleges that the defendant was a nonresident at the time of the alleged accident in Dooly County, Georgia, and nothing appears from the petition to show or indicate that such status had been changed. This last statement is not to be understood as indicating that our ruling would be otherwise, if it did appear from the petition that the defendant was not a nonresident at the time of the filing of the suit. In other words, the point is not now presented for determination. Under the allegations of the petition and the law above stated, the plaintiff could have properly filed his suit in Dooly County, Georgia, where the alleged collision occurred, or in Crisp County, Georgia, the place of his residence.

Therefore, the petition was not subject to the demurrer, and the court did not err in overruling the same.

304

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I am of the opinion that the act of 1937, pp. 732-734, construed as a whole, refers to nonresidents as of the time an action is filed and not as of the time an accident occurs. The majority base their conclusion on that part of the act contained in Code (Ann. Supp.) § 68-803. That part of the act simply fixes the venue of actions against nonresidents. I think the first part of the act (Code, Ann. Supp., § 68-801), providing for service, contemplates only those who are nonresidents at the time of the filing of an action, because the sole purpose of the act is to provide for actions against and substituted service upon nonresidents, and the service must of necessity follow the cause of action. I cannot agree that the legislature intended to violate our Constitution by providing that a person who had become a resident of Georgia in good faith could be sued outside the county of his residence on a cause of action which occurred when he was a nonresident. Such an act as the one here involved is not necessary to give jurisdiction of a person who has become a resident of Georgia. The petition failed to allege that the defendant was a nonresident of Georgia at the time the suit was filed.