A96A0444. BROWN v. MEYER et al.
(473 SE2d 521)

BIRDSONG, Presiding Judge.

A default judgment for $140,502.34 was entered in favor of plaintiffs Fred and Linda Meyer against Yvonne D. Brown, for damages arising out of a collision which occurred in March 1993 while Brown was moving to Atlanta, Georgia from Texas. At the time of the collision Brown used an Indiana driver's license. Brown has lived in Atlanta since May 1993 and has had a Georgia driver's license since April 1993. She lived in Georgia at the time of the filing in August 1994 of this suit and during its service under the Nonresident Motorist Act, OCGA § 40-12-1 et seq. The trial court refused to set aside the default judgment although Brown was never actually served. We granted a discretionary appeal. *Held*:

1. The defendant's residence at the time the cause of action arose governs her amenability to service of a suit under the Nonresident Motorist Act, OCGA § 40-12-1 et seq. Service on Brown under this Act was proper, even though she was a resident of Georgia at the time of filing and service of this suit. See *Rose v. Ryan*, 209 Ga. App. 160, 161 fn. 2 (433 SE2d 291); *Carroll v. Americal Corp.*, 207 Ga. App.

651 (428 SE2d 811); *Bailey v. Hall*, 199 Ga. App. 602 (1) (405 SE2d 579); *Webb v. Oliver*, 133 Ga. App. 555 (2) (211 SE2d 605); *Foster v. Lankford*, 120 Ga. App. 573 (171 SE2d 662); *Horne v. Ewing*, 89 Ga. App. 300 (2) (79 SE2d 339).

2. Service under the Nonresident Motorist Act was defective in this case. OCGA § 40-12-2 requires that service on the Georgia Secretary of State "shall be sufficient . . . upon any such nonresident, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail . . . to the defendant, if his address is known, and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending."

In this case, the defendant was not served with process, nor by certified mail, nor given any written notice of the pendency of the action. Only "[w]hen the notice authorized by statute is actually received [can] substituted service on an official of the State of venue become[ ] the equivalent of personal service." *Cheek v. Norton*, 106 Ga. App. 280, 284 (126 SE2d 816). Failure to perfect service requires reversal.

*Judgment reversed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JUNE 13, 1996 —
RECONSIDERATION DENIED JULY 9, 1996 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Gary M. Cooper*, for appellant.
*Harper, Waldon & Craig, John B. Craig, Raymond J. O'Reilly*, for appellees.