A97A1126. BOWERS v. WINTER.
(492 SE2d 296)

MCMURRAY, Presiding Judge.

John Bowers filed a personal injury action against Calvin Winter, alleging Winter negligently drove a car into a vehicle that was occupied by Bowers. Bowers served Winter with process according to Georgia's Nonresident Motorist Act, OCGA § 40-12-2, by serving the Georgia Secretary of State and posting the summons and complaint,

via certified mail return receipt requested, to Winter's home in Talla-hassee, Florida. After three unsuccessful delivery attempts at Win-ter's home, the United States Postal Service returned the mail to Bowers' attorney with the following notation: "RETURN TO SENDER!!! UNCLAIMED!!!"

Winter answered the complaint and filed a motion to dismiss due to lack of notice and insufficient service of process. Bowers dismissed his complaint before this motion was heard and renewed his action within six months pursuant to OCGA § 9-2-61 (a). Winter responded by filing another motion to dismiss based on insufficient notice and service of process. The trial court granted this motion, finding that Bowers' renewal action is void because Winter was not properly served with process in Bowers' original action. This appeal followed. *Held*:

In *Liberty Mut. Ins. Co. v. Coburn*, 129 Ga. App. 520 (200 SE2d 146), this Court held that service upon a nonresident defendant was sufficient under Georgia's Nonresident Motorist Act where the non-resident defendant's mother received her son's mail but then refused to accept certified mail notifying the nonresident defendant of the subject lawsuit. Id. at 522 (2). The circumstances in the case sub judice are no different. Although Winter deposed that he never received Bowers' summons and complaint, he deposed that an insur-ance agent informed him about Bowers' lawsuit almost three months before a motion to dismiss (based on lack of notice and service of pro-cess) was filed on his behalf. Winter also admitted during his deposi-tion that his nomadic lifestyle places him away from his home about 75 percent of the time; that he allows his neighbors or his adult chil-dren to collect his mail while he is away and that his children are inconsistent, lackadaisical and sometimes derelict in performing these duties. These circumstances, as well as Winter's deposition tes-timony indicating that he makes little or no effort to investigate the receipt, content, or collection of his mail, places this case within the rule set out in *Coburn*. "A defendant may not refuse to accept service of the notice sent by the Secretary of State and thus exculpate him-self; proof that there was proper service on the Secretary of State, proper notice sent by him by registered mail to the defendant at his address, and refusal by the latter, amounts to proper service so as to give the court jurisdiction. 'The process must be served, as provided by the act, on the Secretary of State, and where so served and notice is duly given to the defendant, either by the Secretary of State or the plaintiff as required by the act, irrespective of whether the defendant actually received such notice, and where the statute is otherwise complied with, due and legal service has been perfected.' *Mull v. Tay-lor*, 68 Ga. App. 663 (1) (23 SE2d 595). And where the notice is received by the defendant's employee or agent, and the latter fails to

inform the defendant, the notice is nevertheless sufficient. As stated in *Dunn v. Royal Bros. Co.*, 111 Ga. App. 322, 325 (141 SE2d 546): 'The plaintiff here, having strictly complied with the statute in all respects, should not be made to suffer the consequences of such neglect on the part of the defendant's employee.' " *Liberty Mut. Ins. Co. v. Coburn*, 129 Ga. App. 520, 523, supra.

In the case sub judice, it is undisputed that Bowers strictly complied with OCGA § 40-12-2's service requirements. He should therefore not be made to suffer the consequences of defendant's nomadic lifestyle and defendant's admitted neglect in collecting his mail. The trial court erred in granting Winter's motion to dismiss based on lack of notice and service of process.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 16, 1997.

*Richard W. Summers*, for appellant.
*Sims, Fleming & Spurlin, John C. Spurlin*, for appellee.