A99A1705. SWANIGAN et al. v. LEROUX.
(524 SE2d 244)

MCMURRAY, Presiding Judge.

Plaintiffs Cordelia Swanigan, Mamie E. Swanigan and Kirby Choates appeal from an order granting defendant Roger Leroux's motion for summary judgment based on insufficient service of process under Georgia's Nonresident Motorist Act, OCGA § 40-12-1 et seq. The trial court disposed of plaintiffs' complaint in response to defendant's motion for summary judgment because plaintiffs served defendant, a resident of Canada, by regular mail — not registered or certified mail as required by OCGA § 40-12-2. *Held*:

1. Because it is undisputed that defendant received the summons and complaint by regular mail, plaintiffs contend the trial court erred in disposing of their complaint in response to defendant's motion for summary judgment. We do not agree.

Service must be effected in compliance with the applicable statute. *Bible v. Bible,* 259 Ga. 418 (383 SE2d 108) (1989). The fact that a defendant may have actual knowledge of a complaint by virtue of a process not in compliance with the statute is not adequate under the theory of "substantial compliance." Id. at 419. . . . "[T]he appropriate method for serving a nonresident motorist is prescribed in OCGA § 40-12-2. The requirements of this Code section are

in derogation of the common law and must be strictly construed and fully complied with before a court of this State may obtain jurisdiction over a nonresident motorist. (Cit.) . . ." *Babb v. Cook*, 203 Ga. App. 437, 439 (2) (417 SE2d 63) (1992).

*Rose v. Ryan*, 209 Ga. App. 160, 161 (2) (433 SE2d 291).

Since it is undisputed in the case sub judice that plaintiffs did not serve defendant by registered or certified mail as required by OCGA § 40-12-2, the trial court did not err in granting defendant's motion for summary judgment based on lack of service of process.

2. Because the trial court appropriately disposed of the case sub judice based on insufficient service of process, we do not reach plaintiffs' contention that they exercised due diligence in serving defendant with process after expiration of the applicable statute of limitation.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 28, 1999.

*Yokely & Associates, Daryl V. Yokely, Tracy L. Parsons*, for appellants.

*Benedict & Spiegel, Noel H. Benedict, Jodi A. Spiegel*, for appellee.