A99A2161. GUERRERO v. TELLEZ et al.

(529 SE2d 639)

SMITH, Judge.

We granted Olivares Guerrero's application for interlocutory appeal to decide whether the trial court erred in denying his motion to dismiss a complaint filed against him. Guerrero sought dismissal

on the ground that he had not been properly served and that the court lacked personal jurisdiction over him. We agree with Guerrero that he was not properly served, that the plaintiffs did not comply with the Georgia Nonresident Motorist Act, and that personal jurisdiction was lacking. We therefore reverse the trial court's denial of Guerrero's motion to dismiss.

The complaint sought damages incurred by Guillermo Tellez and Victor Moreno in an automobile collision in Chamblee, Georgia. In their response in opposition to Guerrero's motion to dismiss, plaintiffs indicated they had originally filed suit in Whitfield County against Guerrero and Virginia Dominquez, the registered owner of the vehicle. They alleged that Dominquez had negligently entrusted her vehicle to Guerrero. Dominquez was served and answered but denied negligent entrustment. Plaintiffs' counsel then received a letter from Dominquez's counsel stating that Guerrero was a permissive user of Dominquez's van and that Dominquez had no liability for negligent entrustment because she did not know Guerrero to be a reckless driver. Dominquez's counsel further informed plaintiffs that they would not defend Guerrero unless he was first found and served. The plaintiffs subsequently dismissed the Whitfield County action.

Plaintiffs tried unsuccessfully to locate Guerrero. They attempted to verify the California address on his driver's license and in the accident report through the post office and hired a skip tracer. In a report made nearly a year after the accident, the skip tracer indicated that Guerrero's California driver's license had expired, and she was unable to develop any information on his whereabouts. Plaintiffs then filed this action against Guerrero in DeKalb County.

Service of the complaint on Guerrero was attempted under the Georgia Nonresident Motorist Act, OCGA §§ 40-12-1 through 40-12-8. OCGA § 40-12-2 provides that service of process on a nonresident motorist is to be made by serving a copy of the complaint on the Georgia Secretary of State, and it is sufficient

> provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail by the plaintiff to the defendant, if his address is known, and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

Id.

Plaintiffs mailed a copy of the complaint and process by certified mail to Guerrero at the address on his driver's license and in the acci-

dent report in Carlsbad, California. The certified mail was returned unclaimed after three attempts at delivery. Nevertheless, the plaintiffs then filed an affidavit of compliance with OCGA § 40-12-2, attaching a copy of the unsigned certified mail receipt and the envelope stamped "unclaimed." Guerrero then filed his motion to dismiss on the grounds of insufficient service of process and lack of personal jurisdiction.

1. Guerrero contends the trial court erred in denying his motion to dismiss for insufficiency of service of process because the service requirements of OCGA § 40-12-2 were not met. We agree.

It is significant that the statute provides that service upon the Secretary of State is sufficient if notice is sent to the nonresident motorist defendant, "if his address is known," and the "defendant's" return receipt and the affidavit of compliance are attached to the complaint and filed. Since it is clear that Guerrero's address was not known, his return receipt, indicating that he received the notice, could not have been filed. Because service by certified mail was not possible, service upon the Secretary of State under OCGA § 40-12-2 was insufficient. "Only when the notice authorized by statute is actually received can substituted service on an official of the State of venue become the equivalent of personal service. Failure to perfect service requires reversal." (Citation and punctuation omitted.) *Brown v. Meyer*, 222 Ga. App. 133, 134 (2) (473 SE2d 521) (1996).

Although the trial court did not assign a reason for its finding of sufficient service, it apparently based its ruling on *Bowers v. Winter*, 228 Ga. App. 530 (492 SE2d 296) (1997), upon which the plaintiffs relied. In *Bowers*, this court held that service was sufficient under OCGA § 40-12-2 even though the return receipt indicated the letter was unclaimed after three attempts at delivery. Id. at 531. But in *Bowers*, the facts of the case were different. That defendant made little or no effort to receive or read his mail, which, unlike this case, was sent to the address where he actually resided. It was also undisputed that the plaintiff had complied strictly with the statute in all respects. We held there that the plaintiff should not be made to suffer the consequences of the "defendant's nomadic lifestyle and defendant's admitted neglect in collecting his mail." Id. at 532. But *Bowers* does not provide authority for denying Guerrero's motion to dismiss in this case. It is a basic requirement of due process that at least a reasonable probability must exist that the defendant received the notice of suit. *Cheek v. Norton*, 106 Ga. App. 280, 283 (126 SE2d 816) (1962). No evidence indicates that Guerrero ignored or refused the certified letter, which was sent to an address at which plaintiffs knew Guerrero did not reside.

2. We also agree with Guerrero that the trial court lacked personal jurisdiction. Personal service or valid substituted service is

required before a court may obtain personal jurisdiction. See generally *Nazli v. Scott*, 203 Ga. App. 523, 525 (3) (417 SE2d 187) (1992). It is clear that in this case, Guerrero was never personally served. And we have determined that the substituted service attempted was insufficient because of plaintiffs' inability to comply with the requirements of OCGA § 40-12-2. The trial court erred in denying Guerrero's motion to dismiss on the ground of lack of personal jurisdiction. A contrary holding would not comport with due process.[1] See *Nat. Surety Corp. v. Hernandez*, 120 Ga. App. 307, 309 (170 SE2d 318) (1969). The trial court erred in denying Guerrero's motion to dismiss on the ground of lack of personal jurisdiction.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 11, 2000.

*Hicks, Casey, Young & Barber, Mark A. Barber, Richard C. Foster*, for appellant.

*William H. Curtis*, for appellees.

---

[1] We note a plaintiff in this situation may not be without recourse. The uninsured motorist provisions in our law cover just such situations. OCGA § 33-7-11 (e) provides that a motor vehicle is deemed "uninsured" when the owner or operator is known and named as a defendant but resides out of state and cannot be found after due diligence. The complaint may then be served upon the plaintiff's uninsured motorist carrier.