## A05A1972. MERRIWEATHER v. VOSS.
### (626 SE2d 201)

MILLER, Judge.

Christie Ray Merriweather appeals from the trial court's dismissal of her lawsuit against Tiffany Jade Voss for insufficient service. Since evidence supported the trial court's conclusion that the defendant was not properly served, we affirm.

The record reveals that Merriweather sued Voss for personal injuries that Merriweather suffered in a December 28, 2002 car accident. Instead of serving Voss with the lawsuit, however, Merriweather served Voss's brother at his home on December 18, 2004. Voss's brother was not a party to the lawsuit, and Voss herself averred that she had not lived in Georgia since September 2004. Moreover, Voss did not authorize her brother to accept service on her behalf, and Voss was never personally served with the summons and complaint.

Voss filed an answer on January 13, 2005, alleging insufficient service and asserting that the statute of limitation had expired. Voss then moved to dismiss the complaint. Following a hearing, the trial court dismissed Merriweather's lawsuit, finding that Voss had not been properly served. Merriweather appeals.

Despite Merriweather's several enumerations of error, the dispositive issue here is whether the trial court properly dismissed Merriweather's lawsuit against Voss due to lack of service. When conflicting evidence is presented regarding the proper receipt of service, the factual disputes created thereby are for the trial court to resolve. *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989); see also *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985). The trial court's findings with respect to the receipt of service will not be disturbed on appeal if there is any evidence to support them. *Terrell*, supra, 189 Ga. App. at 779 (1).

Here, Merriweather attempted to serve Voss pursuant to OCGA § 9-11-4 (e) (7), which provides that service may be made "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." However, Voss presented evidence that she did not live at

the address where her brother was served at the time he received the complaint. Furthermore, it is undisputed that Voss was never personally served, that Voss's brother was not a party to the lawsuit, and that Voss had not authorized her brother to accept service on her behalf. Since evidence supported the trial court's conclusion that service was not properly made, the trial court did not err in dismissing Merriweather's lawsuit against Voss. *Terrell*, supra, 189 Ga. App. at 779 (1) (copy of summons and complaint left with relative at a place other than defendant's residence is not sufficient service).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 17, 2006.

*Joseph A. Siciliano, Jr.*, for appellant.
*Harper, Waldon & Craig, Russell D. Waldon, Matthew M. Mc-Cord*, for appellee.