## A06A1270. NOLAN v. JOWERS et al.
### (635 SE2d 211)

MIKELL, Judge.

Darryl V. Nolan and his wife filed a personal injury action on July 21, 2003, in Fulton County State Court against Clifton W. Jowers and Ryder TRS ("Ryder"), alleging that on July 20, 2001, Jowers negligently allowed his vehicle, owned by Ryder, to collide with a vehicle driven by Darryl Nolan, which caused Nolan personal and mental injuries and his wife the loss of his consortium. On or about February 19, 2004, the Nolans amended their complaint to add Magic Movers of Florida, Inc. ("Magic Movers"), Jowers's employer at the time of the accident, as an additional defendant. In both complaints, plaintiff alleged that the defendants were nonresidents and were subject to the jurisdiction of the lower court pursuant to the Nonresident Motorists Act, codified at OCGA § 40-12-1 et seq. Plaintiffs voluntarily dismissed their action on March 19, 2004.

On or about August 17, 2004, Darryl Nolan filed a renewal action against Jowers and Magic Movers, which was transferred to Clayton County State Court on April 11, 2005. Thereafter, Jowers and Magic Movers moved to dismiss, or in the alternative, for summary judgment, arguing that service was insufficient as to both defendants and that the claim against Magic Movers was barred because Magic Movers was never properly added as a party in the original action. The trial court granted the motion to dismiss, finding that Magic Movers was never a party to the original suit, so that there was no action against it to renew, which rendered moot the issue of whether it was properly served, and that Jowers was not properly served with the renewal action. At Nolan's request, the trial court did not consider the issue whether service was proper in the initial action. In its order, the trial court stated:

> Defendant Jowers argues in the motion that Plaintiff did not properly serve him in the original action or in the renewal action. Plaintiff argues in response that service was good in both the original and in the renewal action, but urges the Court to look only at service in the renewal action because any defects in service on Defendant Jowers in the original action could be cured by the renewal action.[1]

---

[1] The approach comports with our Supreme Court's holding in *Hobbs v. Arthur*, 264 Ga. 359, 360-361 (444 SE2d 322) (1994) that diligence in perfecting service in a renewal action "must be measured from the time of filing the [renewal action]. [A]ny delay in service in a valid first action is not available as an affirmative defense in the renewal action." (Footnote omitted.) Id.

"When conflicting evidence is presented regarding the proper receipt of service, the factual disputes created thereby are for the trial court to resolve[, and t]he trial court's findings with respect to the receipt of service will not be disturbed on appeal if there is any evidence to support them."[2] Furthermore, "[a] trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an *abuse of discretion*."[3] We find no such abuse of discretion and affirm.

On appeal, Darryl Nolan asserts the single enumeration of error that he complied with the service rules under OCGA § 40-12-2 in the renewal action and focuses solely upon service upon Jowers. He also states therein that the record is not complete because the Clayton County trial court did not receive all of the documentation from the Fulton County State Court and attaches the alleged missing documentation to his brief. At the outset, we remind the appellant that

> a brief or an attachment thereto cannot be used in lieu of the record for adding evidence to the record. The clerk of the trial court has the duty to certify and transmit the record to this [C]ourt. Transmittal by a party or attorney is prohibited. Moreover, documents attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal.[4]

Therefore, we must rely solely upon the appellate record as it has been forwarded to this Court to decide the issue on appeal.

OCGA § 40-12-2 provides that

> [s]ervice of process upon a nonresident pursuant to Code Section 40-12-1 shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. Such service shall be sufficient service upon any such nonresident, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail or statutory overnight delivery by the plaintiff

---

[2] (Citations omitted.) *Merriweather v. Voss*, 277 Ga. App. 240 (626 SE2d 201) (2006).

[3] (Citation omitted; emphasis in original.) *Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006).

[4] (Punctuation and footnotes omitted.) *In re Estate of Dorroh*, 255 Ga. App. 366 (565 SE2d 565) (2002).

to the defendant, if his address is known, and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

"[T]he statute is in derogation of common law and must be strictly construed and fully complied with before a Georgia court may obtain jurisdiction over the nonresident."[5]

The record includes an "Acknowledgement of Receipt" pertaining to Jowers from the Secretary of State's office, showing that Nolan served the complaint in the renewal action upon the Secretary of State's office on September 29, 2004, which acknowledgement was filed in Fulton County State Court on October 15, 2004. OCGA § 40-12-2, however, does not merely require service upon the Secretary of State to effectuate service upon a nonresident. In accordance with the statute, the plaintiff must also serve the defendant by registered or certified mail or statutory overnight delivery, if his address is known, and the defendant's return receipt and the plaintiff's affidavit of compliance that he has so served the defendant must be filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.[6]

Nolan produced a copy of a certified mail return receipt that was dated October 9, 2004, indicating that service had been made on Jowers at 1718 Palmetto Avenue, Panama City, Florida 34201. However, that document is signed by someone other than Jowers, and Jowers averred in his affidavit that he did not reside at that address in September or October 2004. The trial court also noted in its order that there is no evidence that plaintiff attempted to serve Jowers with the renewal action at the address listed in plaintiff's complaint, 2121 Harrison Ave., Apt. E-8, in Panama City. As stated earlier, it is the trial court's duty to resolve factual disputes regarding the receipt of service.[7] In this case, the trial court resolved that issue in Jowers's favor, and the evidence supported its finding. Additionally, it does not appear that plaintiff's affidavit of compliance, which is dated October 28, 2005, and was filed after the hearing on the motion to dismiss, was

---

[5] (Citation omitted.) *Tate v. Hughes*, 255 Ga. App. 511, 512 (565 SE2d 853) (2002).

[6] See *Guerrero v. Tellez*, 242 Ga. App. 354, 356 (1) (529 SE2d 639) (2000) ("Only when the notice authorized by statute is actually received can substituted service on an official of the State of venue become the equivalent of personal service") (citation and punctuation omitted); *Brown v. Meyer*, 222 Ga. App. 133 (2) (473 SE2d 521) (1996) (same).

[7] *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989) (trial court resolved dispute between sheriff's return of service and defendant's affidavit in defendant's favor).

"appended to the summons or other process and filed with the summons[and] complaint, . . . in the court [where] the action [was] pending" in accordance with the statute.[8] Therefore, the evidence in the record supports the trial court's conclusion that service was not properly made.[9]

Judgment affirmed. *Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 28, 2006 

Scott Isles Hart, for appellant.

*Fain, Major & Brennan, Thomas E. Brennan, Drew, Eckl & Farnham, George R. Moody, Brent M. Estes, Tracey L. Wagner*, for appellees.

---

[8] OCGA § 40-12-2. See generally *Guerrero*, supra at 356 (2) (substituted service insufficient where plaintiff fails to comply with requirements of OCGA § 40-12-2).

[9] See *Merriweather*, supra at 240-241 (evidence that defendant did not live at address where process was served supported trial court's conclusion that service was improper). See also *Terrell*, supra (evidence that copy of summons and complaint left at a place other than defendant's residence supported trial court's finding that service was insufficient even though defendant received process from his father and had knowledge that the complaint had been filed against him).