A09A0770. WILLIAMSON et al. v. BASENBACK.
(680 SE2d 577)

BARNES, Judge.

The appellant-plaintiffs appeal the trial court's order granting the defendant's motion to dismiss for lack of personal service and the expiration of the statute of limitation. For the reasons that follow, we affirm.

Jenny Williamson and Justin Jones were passengers in a car driven by Jennifer Wagner which was involved in a collision at an intersection near property owned by Joy Peebles. Wagner became incapacitated. The day before the statute of limitation ran, Williamson and Jones sued Peebles and Julie Basenback as Wagner's legal guardian, alleging that Wagner's sight line was blocked by bushes on Peeble's property and that both defendants' negligence caused the collision.

A sheriff's deputy filed returns of service showing he had personally served Basenback and Wagner ("defendant"), but the defendant filed an answer by special appearance, denying she had been personally served and contending that the plaintiffs' claims were barred by the running of the statute of limitation. Almost four months later, the defendant moved to dismiss the complaint because service upon her was improper and insufficient; the trial court had no jurisdiction over her person; and the statute of limitation had expired. In support of the motion to dismiss, Basenback submitted an affidavit stating that her daughter Wagner was an incapacitated adult due to injuries she sustained in the collision, and that neither she nor Wagner were personally served with the complaint. Instead, the deputy gave the papers to John Wagner, Basenback's son who did not reside at Basenback's house. Neither Basenback nor Wagner were present in the house when the papers were served. John Wagner and the deputy submitted affidavits confirming these facts. At a hearing on Wagner's motion to dismiss, the deputy testified that he left the papers with John Wagner, but returned to the residence a few days later to verify that Basenback had received the papers.

OCGA § 9-11-4 (e) (7) provides that service shall be made either by delivering a copy of the summons and complaint "to the defendant personally," by leaving it with a person of suitable age and

discretion living at the defendant's usual place of abode, or by leaving it with an agent of the defendant. We strictly construe statutes addressing personal service, *McRae v. White*, 269 Ga. App. 455, 458 (604 SE2d 291) (2004), and absent proper service, the court obtains no personal jurisdiction over the defendant. *Stamps v. Bank South*, 221 Ga. App. 406, 409 (1) (471 SE2d 323) (1996). Finally, actual knowledge of the proceedings does not cure defective service. *In the Interest of D. R. W.*, 229 Ga. App. 571, 574 (1) (494 SE2d 379) (1997).

In this case, the evidence is uncontroverted that the deputy did not personally serve Basenback or Jennifer Wagner, and that John Wagner did not live with Basenback or Jennifer Wagner when he was served with the complaint. Further, the deputy's "follow-up" visit did not cure the defect, as again he did not serve Basenback or Wagner personally with the summons and complaint. He only ascertained that Basenback had seen the complaint, which is not sufficient to constitute personal service under OCGA § 9-11-4 (e) (7). Because the defendants were not properly served, the trial court did not err in dismissing the complaint.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 25, 2009.

*Smith & Jenkins, Wilson R. Smith*, for appellants.
*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., James D. Hudson*, for appellee.