**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 7, 2016

# In the Court of Appeals of Georgia

A16A0139. COVAULT v. HARRIS.

MILLER, Presiding Judge.

Chris Covault filed this action against Kentucky resident Austin Harris under the Georgia Nonresident Motorist Act ("NRMA") to recover damages arising from a motor vehicle accident. Harris moved to dismiss the complaint for lack of personal jurisdiction because Covault failed to exercise due diligence in ensuring proper service upon a nonresident motorist. The trial court granted Harris's motion to dismiss because Covault had failed to effect service upon Harris by certified mail under the NRMA and because the statute of limitation had expired. Covault appeals, contending that the trial court erred in granting Harris's motion to dismiss. For the reasons that follow, we affirm.

"A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and the [trial] court's findings will be upheld if there is any evidence to support them." (Citations and punctuation omitted.) *Williams v. Wendland*, 283 Ga. App. 109 (640 SE2d 684) (2006).

So viewed, the record shows that, on February 16, 2013, both Harris and Covault were driving northbound on Peachtree Street in Fulton County, Georgia. When they reached the intersection of Peachtree Street and John Wesley Dobbs Avenue, Harris failed to maintain his lane and struck Covault's vehicle.

At the time of the accident, Harris was a resident of Kentucky, he was driving a rental car, and he provided a Kentucky drivers license to the investigating officer. The police report listed Harris's address as 5406 Heafer Farm Lane, Louisville, KY ("Heafer Farm Lane address"), but did not include his apartment number.

In January 2015, Covault's counsel learned through a hired investigator that Harris was registered to vote at the Heafer Farm Lane address, Unit 204. Covault's counsel also learned of several other possible addresses for Harris. One of those addresses was 5509 Fernfield Drive, Apt. 302, Louisville, KY ("Fernfield Drive address").

Covault filed his complaint against Harris on January 26, 2015. On February 5, 2015, Covault's counsel attempted to serve Harris by sending a copy of the complaint and summons via certified mail to the Fernfield Drive address. Covault's counsel also sent a copy of the complaint and summons by certified mail to 430 South 21st. Street, Paducah, KY ("the 21st Street address"). Covault admits that both of these certified mail packages have been reported unclaimed.

Less than a week later, Covault served a copy of the complaint and summons on Georgia's Secretary of State. Thereafter, on February 16, 2015, the two-year statute of limitation for personal injury actions expired. See OCGA § 9-3-33. On April 17, 2015, Harris filed a special appearance answer in which he raised the defenses of insufficient service of process and lack of personal jurisdiction. Thereafter, on June 1, 2015, Harris moved to dismiss Covault's complaint for lack of personal jurisdiction. Harris also argued in his motion to dismiss that the statute of limitation had expired and Covault could not meet his burden of demonstrating reasonable diligence, even if he perfected service on Harris in the future. On June 2, 2015, Covault finally attempted to serve Harris via certified mail at the Heafer Farm Lane address. That copy of the complaint and summons was returned to Covault as "unclaimed."

3

On July 9, 2015, the trial court granted Harris's motion to dismiss, finding that the statute of limitation had expired and Covault failed to effect service upon Harris by certified mail under the NRMA. This appeal ensued.

In his sole enumeration of error, Covault contends that the trial court erred in dismissing his complaint. Covault argues that he complied with the NMRA by serving the Secretary of State and by sending the complaint and summons via certified mail to the Fernfield Drive and 21st Street addresses, as well as the Heifer Farm Lane address. We disagree.

> OCGA § 40-12-2 provides that service of process upon a nonresident pursuant to Code Section 40-12-1 shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. Such service shall be sufficient service upon any such nonresident, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant[.]

(Punctuation omitted.) *Nolan v. Jowers*, 280 Ga. App. 815, 816-817 (635 SE2d 211) (2006). "[T]he statute is in derogation of common law and must be strictly construed and fully complied with before a Georgia court may obtain jurisdiction over the

4

nonresident." (Citation omitted.) *Tate v. Hughes*, 255 Ga. App. 511, 512 (565 SE2d 853) (2002). Accordingly, OCGA § 40-12-2 does not merely require service upon the Secretary of State to effectuate service upon a nonresident. Rather, in order to perfect service on the defendant,

> the plaintiff *must* also serve the defendant by registered or certified mail or statutory overnight delivery, *if his address is known*, and the defendant's return receipt and the plaintiff's affidavit of compliance that he has so served the defendant must be filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

(Footnote omitted; emphasis supplied.) *Nolan*, supra, 280 Ga. App. at 817.

Here, the record clearly shows that Covault failed to comply with the service requirements of the NRMA. Personal service is an area of the law where the letter of the law must be complied with strictly. See *Williamson v. Basenback*, 298 Ga. App. 567, 568 (680 SE2d 577) (2009) ("We strictly construe statutes addressing personal service, and absent proper service, the [trial] court obtains no personal jurisdiction over the defendant.") (citations omitted). That was not done in this case. Notably, Covault knew that Harris resided at the Heafer Farm Lane address at the time of the accident, and he confirmed that Harris was registered to vote at this address on the

5

same day that he filed his complaint. Nevertheless, Covault made no attempt to serve Harris at the Heafer Farm Lane address until nearly four months after the statute of limitation expired. Accordingly, Covault failed to perfect service on Harris under the NMRA.

Contrary to Covault's argument, this Court's decision in *Tate*, supra, does not require a different conclusion. In *Tate*, this Court held that, *where the statute is strictly complied with*, the NMRA does not require a plaintiff to attach a return receipt from the defendant to his pleadings in order to perfect service under the Act. *Tate*, supra, 255 Ga. App. at 512-513. Here, prior to the expiration of the statute of limitation, Covault failed to comply with the statute's requirement that he serve Harris at his known address. Because Covault failed to strictly comply with the requirements for perfecting service under the NMRA, the trial court did not obtain jurisdiction over Harris. See id. at 512-513; OCGA § 40-12-2. Accordingly, this Court has no choice except to honor the trial court's decision to dismiss this action for failure to comply with the NMRA.

*Judgment affirmed. McFadden, J., concurs. McMillian, J., concurs in the judgment only.*

6