**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 5, 2023**

# In the Court of Appeals of Georgia

A23A0159. FULLER v. HENDSBEE.

MILLER, Presiding Judge.

Hope Rene Fuller seeks review of the dismissal of her negligence suit against Mark Edward Hendsbee for insufficient service of process. On appeal, Fuller argues that (1) the trial court erred by dismissing the case for insufficient service of process because she had fully complied with the service requirements of the Georgia Nonresident Motorist Act ("NRMA"), OCGA § 40-12-2, when she sent the required notice to Hendsbee's attorney; and (2) the trial court erred by granting a protective order preventing her from deposing Hendsbee and others about Hendsbee's location and correct address. Upon a close review of the record and the relevant law, we conclude that service was not properly perfected by sending the notice directly to Hendsbee's attorney, and so we affirm.

"A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. The trial court resolves factual disputes regarding service, and we will uphold the court's findings if there is any evidence to support them." *Aikens v. Brent Scarbrough & Co.*, 287 Ga. App. 296, 297 (651 SE2d 214) (2007).

According to the complaint, the parties were involved in a serious vehicle collision on May 16, 2019, in Rome, Georgia, which caused Fuller to suffer serious injuries. At the time of the crash, Fuller was a resident of Georgia, and Hendsbee was a resident of Alaska. The police crash report indicated that Hendsbee's address was 33916 Nash Road in Seward, Alaska. Hendsbee's auto insurance policy as well as his voter registration also listed the same address.

In May 2021, Fuller filed the instant complaint, seeking damages for Hendsbee's alleged negligence in causing the traffic accident. In compliance with the NRMA, Fuller served the Georgia Secretary of State's office on May 17, 2021. On May 20, 2021, Fuller sent a copy of the summons and complaint via certified mail to the Nash Road address. The package was returned to sender after three failed delivery attempts, and the post office marked the package as "unable to forward." On

2

September 4, 2021, Fuller sent a copy of the summons and complaint via certified mail to Hendsbee's attorney at her firm's address in Marietta, Georgia.

In September 2021, Hendsbee filed a Special Appearance and Answer, contending among other things that he had not been sufficiently served. He later filed a motion to dismiss for lack of proper service. To support the motion, Hendsbee submitted an affidavit wherein he averred that he had sold the 33916 Nash Road property in December 2020, months before Fuller's attempt to mail him the legal documents in May 2021, and that he had not resided at that property since that time. Hendsbee averred that he had not received the summons nor the complaint nor any other documents related to a lawsuit from Fuller. Hendsbee further submitted a statement from a settlement which showed that the sale of the property occurred in December 2020. Following a hearing, the trial court granted the motion to dismiss. This appeal followed.

1. Fuller's primary argument on appeal is that the trial court erred by dismissing her complaint for insufficient service of process. She specifically argues that Hendsbee received sufficient notice of the complaint under the Nonresident Motorist Act when she sent the summons and complaint to his attorney, who was

acting as Hendsbee's agent.[1] We ultimately conclude that the trial court did not err by dismissing this lawsuit because mailing the notice to Hendsbee's attorney was not sufficient to provide notice to Hendsbee under the statute.

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." (Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).

---

[1] Fuller's additional arguments raised for the first time in her reply brief (such as arguing that her attempts to serve Hendsbee at the Nash Road address should be deemed sufficient) are deemed abandoned because they were not effectively raised in her initial appellate brief. *Befekadu v. Addis Intl. Money Transfer, LLC*, 332 Ga. App. 103, 108-109 (2) (772 SE2d 785) (2015) ("Once an error has been abandoned in an initial brief, it cannot be resurrected by supplying argument and citation of authority in a reply brief.") (citation omitted). Additionally, to the extent that Fuller argues that a phone conversation about settlement negotiations between her counsel and Hendsbee's counsel constituted evidence that Hendsbee's counsel had the authority to accept service on Hendsbee's behalf, we note that no actual evidence of this conversation appears in the record on appeal, whether in recorded format or otherwise. "Factual assertions contained in a party's brief are not evidence unless supported by the record." (Citation omitted.) *Dukes v. Munoz*, 346 Ga. App. 319, 322 (1) n.3 (816 SE2d 164) (2018).

The NRMA provides that service of process on a nonresident motorist is to be made by serving a copy of the complaint on the Georgia Secretary of State, and it is sufficient

> provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant, if his address is known, and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

OCGA § 40-12-2. "Only when the notice authorized by statute is actually received can substituted service on an official of the State of venue become the equivalent of personal service. Failure to perfect service requires reversal." (Citation omitted.) *Guerrero v. Tellez*, 242 Ga. App. 354, 356 (1) (529 SE2d 639) (2000). Thus, "[t]he fact that a defendant may have actual knowledge of a complaint by virtue of a process not in compliance with the statute is not adequate" to effect service under the Nonresident Motorists Act. (Citation omitted.) *Swanigan v. Leroux*, 240 Ga. App. 550 (1) (524 SE2d 244) (1999). Instead, the requirements of the NRMA "must be . . . fully complied with before a court of this State may obtain jurisdiction over a nonresident motorist." (Citation omitted.) Id. Additionally, "[b]ecause the service and venue

provisions of the [Nonresident Motorists] Act are in derogation of common law, our courts have always strictly construed its requirements." *Farrie v. McCall*, 256 Ga. App. 446, 447 (568 SE2d 603) (2002).

Fuller's primary contention is that she provided sufficient notice to Hendsbee under the NRMA because she mailed the relevant documents to Hendsbee's attorney, who was acting as Hendsbee's agent.[2] The statute, however, provides that the notice must be "sent by registered or certified mail or statutory overnight delivery by the plaintiff *to the defendant*[,]" (Emphasis supplied.) OCGA § 40-12-2, and it does not provide that sending the notice to any other person, even the defendant's agent, is also sufficient.[3] In light of the fact that we must construe the statute strictly,[4] we must

---

[2] We assume for the purposes of this opinion that Hendsbee and his attorney had an agent-principal relationship because "[i]t is fundamental that a client's relationship to an attorney is that of principal and agent." *Anaya v. Coello*, 279 Ga. App. 578, 580 (632 SE2d 425) (2006).

[3] We note that Hendsbee is a private individual, and this case does not involve a defendant such as a corporation or other organized body where supplying notice to an agent may be the only way to provide such notice to that defendant.

[4] We also note that Fuller does not contend that Hendsbee was purposefully evading service. See *Watts v. Kegler*, 133 Ga. App. 231, 232 (3) (211 SE2d 177) (1974) (physical precedent only) ("Nothing less than strict requirement of a statute in derogation of common law will suffice, unless there is a showing of evasion by the nonresident.").

conclude that the statute requires a plaintiff to send the notice directly to the defendant's address, not solely to his agent's address, if different.

Our conclusion on this point is bolstered by the fact that other provisions of Georgia's service of process laws explicitly provide that process may be delivered directly to an authorized agent. See, e.g., OCGA § 9-11-4 (e) (7) (Service may be made "to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, *or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process*.") (emphasis supplied). Had the Legislature intended the NRMA to allow for notice to be provided directly to an individual party's agent, it could have used some of this same language. "[W]e must presume that its failure to [use this same definition] was a matter of considered choice." (Citation omitted.) *Carolina Tobacco Co. v. Baker*, 295 Ga. App. 115, 121 (1) (670 SE2d 811) (2008).

It is true that we have previously held that a plaintiff may satisfy the notice provision of the NRMA when a party's agent has received the certified mail, even if there is no evidence that such agent then notified the nonresident defendant. In each case, however, the mail was sent to the *defendant's* actual mailing address. See

7

*Bowers v. Winter*, 228 Ga. App. 530, 531 (492 SE2d 296) (1997) (notice sufficient where it was sent to the nonresident defendant's address and the defendant had authorized his neighbors and adult children to collect his mail); see also *Liberty Mut. Ins. Co. v. Coburn*, 129 Ga. App. 520, 522-524 (2) (200 SE2d 146) (1973) (notice sufficient where it was sent to nonresident defendant's parents' house after the defendant had resided there then specifically listed that address as his mailing address so his parents could handle the mail) (physical precedent only); *Dunn v. Royal Brothers Co.*, 111 Ga. App. 322 (141 SE2d 546) (1965) (notice sufficient where it was sent to nonresident corporate defendant's address). Thus, each of these cases is distinguishable from this case because Fuller did not send the notice to Hendsbee's actual residence but instead sent it only to his attorney at her law firm's address.

As we have previously held, due process requires that the method of providing "notice must not be dependent upon chance, and must at least be such as with reasonable probability will apprise [the defendant] of the pendency of the proceeding." (Citation omitted.) *Cheek v. Norton*, 106 Ga. App. 280, 283 (1) (126 SE2d 816) (1962). This requirement is in place not only so that the defendant may be informed of the action, but "[e]qually obvious, . . . the plaintiff must know enough about the defendant to know where and how a judgment can be levied, or neither suit

8

nor judgment will be of any benefit to him." Id. at 286 (1). Thus, we cannot construe the NRMA to allow for perfected service when the plaintiff has not sent the notice to the defendant's actual address. Because Fuller did not perfect service when she sent a copy of the summons and complaint via certified mail to Hendsbee's attorney, we affirm the trial court's order dismissing this case for insufficient service of process.

2. Fuller also enumerates as error the trial court's order granting Hendsbee's motion for a protective order preventing Fuller from deposing Hendsbee and others about Hendsbee's location and correct address. Fuller, however, failed to make any arguments to support this enumeration, and so we must consider this enumeration abandoned. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

*Judgment affirmed. Mercier and Hodges, JJ., concur.*